564 A.2d 960

**Irene GRANDOVIC, Appellant,**

**v.**

**Anthony Bradley GRANDOVIC.**

Superior Court of Pennsylvania.

Submitted June 27, 1989.

Filed Sept. 20, 1989.

Dennis M. DiMartini, Monaca, for appellant.

Richard E. Davis, Midland, for appellee.

Before CIRILLO, President Judge, and JOHNSON and HESTER, JJ.

HESTER, Judge:

Irene Grandovic appeals from the final divorce decree, which also provided for equitable distribution and no alimo-

ny, entered by the Court of Common Pleas of Beaver County on July 8, 1988. Appellee, Anthony Grandovic, cross-appealed, but we dismissed his appeal for failure to file a timely brief and reproduced record. Consequently, only appellant's direct appeal is before us. We reverse and remand for further proceedings consistent with this adjudication.

Appellant filed for divorce on February 8, 1982. However, the parties continued to live in the marital home until appellee left on October 1, 1983. Hearings were held before a master on February 11, 13, and March 19, 1987, and the master filed his report on December 18, 1987. Both parties filed exceptions which the trial court ruled upon prior to issuing its final decree.

The court adopted the following findings of the master. The parties were married on November 19, 1960. Two children were born during the marriage; Gary, born in 1962, and Sandra, born in 1965. Appellee was the primary wage earner and was employed as a purchasing agent by Crucible Steel, a division of Colt Industries, from 1964 until the mill was closed and sold in October, 1982. Subsequently, appellee obtained employment in a similar capacity with Mannesmann Demag Wean, a division of Mannesmann Demag Corporation. During the course of these proceedings, Mannesmann Demag Wean was consolidated with Mannesmann Demag Corporation. Consequently, appellee received two W–2 wage statements in 1986. Appellee currently is employed by Mannesmann Demag Corporation.

During the marriage, appellant, who has minor health problems that do not interfere with her ability to work, was a secondary wage earner and a homemaker. She was employed as an office manager and bookkeeper for a local dental practice.

Our standard of review for divorce cases is clear. We stated in *Sergi v. Sergi*, 351 Pa.Super. 588, 591, 506 A.2d 928, 930 (1986):

"[A]n appellate court will reverse an order determining equitable distribution of marital property [or alimony]

only for an abuse of discretion by the trial court." *Baraff v. Baraff,* 338 Pa.Super. 203, 210, 487 A.2d 925, 929 (1985). "Under this standard, we do not usurp the hearing court's duty as a fact finder. Rather, we apply the legislative guidelines of the Divorce Code to the record to determine whether or not the hearing court has abused its discretion." *Barnhart v. Barnhart,* 343 Pa.Super. 234, 237, 494 A.2d 443, 444 (1985); *Semasek v. Semasek,* 331 Pa.Super. 1, 6, 479 A.2d 1047, 1050 (1984). "An abuse of discretion is not found lightly, but only upon a showing of clear and convincing evidence ... However, an abuse of discretion will be found by this Court if the trial court failed to follow proper legal procedure or misapplied the law." *Braderman v. Braderman,* 339 Pa.Super. 185, 190, 488 A.2d at 613, 615 (1985).

Appellant's first argument is that the trial court erred in adopting the master's findings concerning the respective incomes of both parties against the clear weight of the evidence. Appellant argues that the finding that appellee's income was $39,840, ignored the total of $50,000 printed on his two W–2 forms, and wrongly credited his explanation, without documentation, that he received a one-time bonus of $11,000. Similarly, appellant argues that the trial court erred by adopting the master's finding that her annual income was $16,080, despite her testimony that this figure included unrecurring overtime due to a temporary personnel shortage.

"A master's report is entitled to great consideration, but the court is not bound by it." *Morschhauser v. Morschhauser,* 357 Pa.Super. 339, 349, 516 A.2d 10, 15 (1986). *See also* 24 Standard Pa. Practice 2d § 26:364; *Herwig v. Herwig,* 279 Pa.Super. 65, 420 A.2d 746, 748 (1980). Instantly, the trial court determined in its discretion that the master's findings were accurate. A finding of fact by the trial court will not be disturbed on appeal unless unsupported by competent evidence or predicated on errors of law. *R.P. Clarke Personnel v. Com Nat. Bk.,* 384 Pa.Super. 524, 559 A.2d 560 (1989).

624

After a careful review of the record, we conclude that the trial court's findings were supported by competent evidence. Appellee testified that he received two W–2 forms due to the corporate reorganization and that his income included a one-time bonus for completing a project in Mexico. Appellant's argument is that an *increase* would be part of the normal employment pattern, and appellee's income of $39,840 represents a $3,100 *decrease* from the proceeding year. Further, appellee's testimony lacked any supporting documentation. However, this does not persuade us that the trial court's finding is not supported by competent evidence. It was based on appellee's credited testimony. Similarly, the finding that appellant's annual income was $16,080, despite her testimony that this included unrecurring overtime, is supported adequately by her wage statements and the tax returns in the record.

Appellant's second argument is that the trial court erred in adopting the master's finding that appellee had the potential for twelve more years of employment until retirement, which affected the calculations of appellee's future income. Appellant objects to the determination that appellee had twelve years of employment remaining since appellee would be only sixty-two years old at that time. Appellant contends that normal retirement is widely understood to be at age sixty-five. Thus, she claims that the court's adoption of the findings is contrary to the weight of the evidence and constituted an abuse of discretion. Appellant points out that the findings result in a significant difference in appellee's potential lifetime future income, an important consideration in awarding equitable distribution. Instantly, appellee's potential lifetime income as determined by the trial court is $120,000 less than if appellee were to be employed for an additional three years with an annual income of $39,840 until age sixty-five, and $270,000 less than if he were to continue with an income of $50,000 until age sixty-five (*i.e.* twelve years with an additional $10,000 more per year and an additional three years at $50,000 per year).

Appellant relies upon *Braderman v. Braderman,* 339 Pa.Super. 185, 488 A.2d 613 (1985), which involved equitable distribution of a defined benefit pension plan. The husband in *Braderman* had exclusive control of the contributions that he made to the plan in order to obtain specific annual payments upon retirement. We found that the trial court did not abuse its discretion in using age sixty-five in determining the value of his pension plan when ordering equitable distribution. Similarly, we conclude that in this case, since the age at which appellee would retire is a matter of speculation, it is an issue of fact to be determined by the trial court. We cannot conclude that the trial court lacked any basis for its finding, especially since retirement before age sixty-five is common. Therefore, we do not find an abuse of discretion. *See R.P. Clarke Personnel v. Com. Nat. Bk., supra.*

Appellant's next two contentions are based on appellee's abuse of his exclusive control over marital property investment accounts which were opened with money that he received from a lump sum distribution of his Colt Industries pension. With those funds, appellee reduced the marital estate by satisfying a joint *marital* obligation of $10,705 in 1983–1986 federal income tax deficiencies and without permission, reimbursed himself from marital assets for $31,000 paid for college expenses for the parties' two children. The trial court concluded that both disbursements were proper and reduced the marital estate accordingly.

Appellant contends that the burden is on appellee to show that the marital estate properly was reduced by these obligations since both obligations accrued after October 1, 1983, which is the stipulated date that the parties separated. She contends these debts were mutual but not marital, since they accrued after the date of separation. *See* 23 P.S. § 401(e).[1] Therefore, she argues, these funds should be

1. 23 P.S. § 401(e), in pertinent part, provides:
 (e) For purposes of this chapter, "marital property" means all property acquired by either party during the marriage, including the increase in value prior to the date of final separation of any nonmarital property acquired ..., except:

returned to the marital fund for equitable distribution. She further contends that these payments provided a greater benefit to appellee since his income was greater than her income following separation, and therefore, he must bear a greater proportion of both the tax liability and college expenses. Appellant asserts appellee benefited by paying only one-half of these liabilities as a marital debt, and in this sense, satisfied an individual debt. Consequently, she argues that it was improper to exclude these amounts from marital property and claims appellee may seek contribution from her to satisfy their joint liabilities. In failing to proceed in this manner, appellant concludes that the trial court commenced its analysis for equitable distribution on an incorrect basis.

Specifically, appellant asserts that the $10,705 tax liability arose due to underwitholding and miscalculation of tax for each of the years from 1983 to 1986, and the involuntary conversion of Colt Industries stock in 1986, when the company recapitalized. The liability accrued and the payment was made *after* the date of separation for the tax years 1984, 1985 and 1986. Appellant argues that although the parties signed joint returns, she could have signed a separate tax return with minimum tax liability, and the joint return did not convert the mutual debt into a *marital* debt.

We begin our analysis by noting that appellant correctly characterized the tax liability for the years 1984 through 1986 as a joint, but not marital obligation. Marital obligations, like marital property, arise between the date of marriage and the date of separation. 23 P.S. § 401(e). However, although appellant is jointly liable for the tax liability, the debt is not a marital debt to be satisfied by use of marital assets, since the debt arose after the date of separation. *Id.* That the parties are permitted to file joint tax returns pending their final divorce for tax purposes has

(5) Property which a party has sold, granted, conveyed or otherwise disposed of in good faith and for value *prior to the date of final separation.* (Emphasis added.)

no bearing on the fact that these debts accrued after the date of separation for purposes of determining the marital estate. Both parties must contribute to satisfy the debt, but the money appellee used to pay the debt should have been included in the marital estate subject to equitable distribution. The payment of the total tax liability out of the marital assets benefited appellee by disproportionately lowering his tax liability relative to his income, compared to that of appellant.

The trial court's finding concerning the payment of the tax debt from marital assets was based on the Pennsylvania Supreme Court's holding in *Duff v. Duff*, 510 Pa. 251, 507 A.2d 371 (1986). The supreme court determined that it was proper to pay a joint tax deficiency from marital assets in 1980, where the liability had accrued in 1979 prior to the parties' separation in 1980. *Duff* is distinguishable, however, in that the tax liability in *Duff* accrued prior to the parties' separation. In the present case, the parties' tax liabilities accrued after their separation. We do not imply, nor do we find any evidence of agreement, that the filing of a joint return for post-separation tax returns permitted appellee to use marital assets to pay the liability. Consequently, we cannot agree that payment of these debts was made in good faith and for value under 23 P.S. § 401(e), and that the funds used to pay these debts properly were excluded from marital property. In our view, the payments clearly benefited appellee unfairly. Therefore, we conclude that the trial court abused its discretion in excluding the assets used to pay the debt from the marital estate.

■ Similarly, we conclude that the college expenses were a post-separation debt. They involved support, which should relate to the respective parties' income and assets. We conclude that it was an abuse of discretion for the trial court to approve appellee's use of marital assets to resolve a support issue. The payment of these expenses clearly precluded any petition or finding concerning support, and shifted a duty owed principally by appellee to the marital

estate.[2] We conclude that appellee's payment from marital funds was an impermissible use of the marital estate for his primary benefit. *Griffin v. Griffin*, 384 Pa.Super. 210, 558 A.2d 86 (1989). In *Griffin* we stated:

> We are constrained to hold that the trial court abused its discretion in allowing a marital asset to be utilized and entirely consumed for the purpose of making child support payments required of Husband when Husband has other funds available from which to make the payments. As marital property, the corporate account will be subject to equitable distribution along with the remainder of the estate.

*Id.*, 384 Pa.Super. at 221–222, 558 A.2d at 92.

Our conclusion is buttressed by our previous observation that appellee claimed the college expenses as a deduction from his income for purposes of alimony pendente lite. We note that he subsequently reimbursed himself for these very same post-separation expenses out of marital assets and thereby excluded these assets from equitable distribution. We find this to be an impermissible dissipation of the marital estate. Thus, the trial court abused its discretion in not including these assets in its order of equitable distribution. *See* 23 P.S. § 401(d)(7); *Semasek v. Semasek*, 509 Pa. 282, 502 A.2d 109 (1985) (party properly refused credit toward marital estate for assets previously used for her exclusive benefit); *Barnhart v. Barnhart*, 343 Pa.Super. 234, 494 A.2d 443 (1985) (abuse of discretion not to include pension fund in equitable distribution on grounds that it no longer existed where it was spent after separation but prior to divorce).

■ Appellant's next argument is that the trial court incorrectly applied the law in accepting the master's valuation of 2,300 shares of Colt Industry stock in the pension fund, a marital asset, at $9.50 per share, for a total value of $21,850.00, based on its value on the the date of the mas-

2. Our review indicates it is extremely likely from the record that appellee would have owed support had he not maintained that he already was paying these expenses at the hearing to determine alimony pendente lite.

ter's hearing in December, 1987. She argues that the trial court was obligated to use the stipulation by the parties that the stock was worth $17.00 per share, or $39,100.00, on June 10, 1988, shortly before the order of equitable distribution was issued. In support, appellant relies upon our supreme court's decision in *Sutliff v. Sutliff*, 518 Pa. 378, 543 A.2d 534 (1988), which held that marital assets that fluctuate in value should be valued as close in time as possible to the date of distribution. We conclude that this authority is dispositive; thus, the trial court erred in valuing the stock near the date of the master's hearing. As a result, the difference in value of $17,250.00 must be added to the value of the marital estate subject to equitable distribution.

 Appellant also contends that the trial court erred in failing to award alimony. In *McNully v. McNully*, 347 Pa.Super. 363, 371, 500 A.2d 876, 880 (1985), we stated:

"Alimony" . . . "is a duty arising out of marriage but is distinguished in that it continues after divorce when fixed in conjunction with a divorce or annulment decree. Its purpose is not to reward one party and to punish the other, but rather to ensure that the reasonable needs of the person who is unable to support himself or herself through appropriate employment, are met." *Semasek v. Semasek*, 331 Pa.Super. 1, 479 A.2d 1047 (1984).

Instantly, we find that appellant's own income and the substantial assets she received through equitable distribution will allow her to be self-sufficient, and the trial court correctly applied the factors set forth in 23 P.S. § 401(d) to the facts. Furthermore, absent special circumstances, alimony following divorce is a secondary remedy and is available only where economic justice and the reasonable needs of the parties cannot be achieved by way of an equitable distribution award and development of an appropriate employable skill. *Hess v. Hess*, 327 Pa.Super. 279, 475 A.2d 796 (1984); *Geyer v. Geyer*, 310 Pa.Super. 456, 456 A.2d 1025 (1983). Since we do not find this to be the case in light of the marital estate and appellant's income, we find no

abuse of discretion in the trial court's refusal to award alimony.

Appellant's final argument is that in view of the previously enumerated errors, the trial court abused its discretion in awarding her only sixty percent of the marital estate and appellee forty percent. Although normally we would refrain from usurping the court's finding, we remand here solely for the purpose of directing the trial court to reassess its allocation in view of additions to the marital estate discussed *supra.*

The decree granting divorce is affirmed. The decree awarding equitable distribution is affirmed in part and reversed in part; case remanded for proceedings consistent with this decision. Jurisdiction relinquished.