## Jarvis v. Jarvis

C.P. of Berks County, no. 04-6110.

*Barbara H. Beringer,* for plaintiff.
*William R. Bernhart,* for defendant.

KELLER, *J.,* July 20, 2006—The parties to this action were married on June 21, 1986 in New Jersey. They

separated in January 2003 when the petitioner/Wife moved out of the marital bedroom. The parties have lived separate and apart since that time. Petitioner had spent a considerable amount of time in New Jersey since 2000. A complaint in divorce was filed by the petitioner on May 6, 2004 and shortly thereafter she moved to New Jersey, where she continues to live. This was the first marriage for both parties. Petitioner has a daughter, Dena, from a previous relationship. Husband adopted Dena shortly after the parties' marriage. Two sons, Luke and Benjamin, were born of the marriage. Following petitioner's relocation to New Jersey, Husband and the parties' two sons remained in the marital home in Berks County.

This case was particularly contentious and a special master was appointed to determine the equitable distribution, alimony, and costs and counsel fees for the parties. The special master's report and recommendation was filed on January 13, 2006. Barbara Beringer, Esquire, entered her appearance for petitioner on January 27, 2006, and on that same day filed exceptions to the master's report and recommendations on behalf of the petitioner. Arguments were heard on petitioner's exceptions on April 17, 2006. On May 4, 2006, petitioner filed a notice of appeal from the May 4, 2006 order entering a decree in divorce. On May 30, 2006, this court ordered petitioner to file a concise statement of matters to be complained of on appeal pursuant to Pa.R.A.P. 1925(b), which petitioner did file on June 13, 2006.

The petitioner raises the following issues in her concise statement of matters complained of on appeal:

(1) Whether the trial court abused its discretion in accepting the special master's report and recommenda-

tion regarding the equitable distribution of the marital property of the parties.

(2) Whether the trial court abused its discretion in accepting the special master's report and recommendation regarding the award of alimony to the plaintiff.

(3) Whether the trial court abused its discretion in accepting the special master's report and recommendation that failed to award counsel fees to plaintiff.

(4) Whether the trial court abused its discretion in refusing to enter an order requiring defendant to continue designating plaintiff as his surviving spouse on the beneficiary designation of his military pension.

(5) Whether the trial court abused its discretion in failing to remand this case to the special master in divorce for consideration of the equitable distribution, alimony, counsel fees and pension issues raised by the plaintiff in her pretrial statements and pleadings that were not addressed by the special master at the hearing.

(6) Whether the trial court abused its discretion by failing to remand this case to the special master in divorce for a rehearing due to the special master's failure to bifurcate plaintiff's case.

(7) Whether the trial court abused its discretion by failing to address plaintiff's request for a protective order that was filed on October 3, 2005.

(8) Whether the trial court abused its discretion by allowing defendant to submit as evidence to the special master the custody evaluation that was previously removed from the record by the court.

A master's report and recommendation, although only advisory, is to be given the fullest consideration, particularly on the question of credibility of witnesses, be-

cause the master has the opportunity to observe and assess the behavior and demeanor of the parties. *Moran v. Moran,* 839 A.2d 1091, 1094 (Pa. Super. 2003). This court dismissed the petitioner/Wife's exceptions and adopted the master's recommendations in full. In her concise statement of matters raised on appeal, petitioner alleges that this court erred or abused its discretion in several areas relating to the dismissal of her exceptions, the first of which dealt with the equitable distribution of the marital property of the parties. The Superior Court has a well established limited scope of review from an order of equitable distribution. Awards of property distribution are within the sound discretion of the trial court, and will not be disturbed unless there has been a clear abuse of discretion. *Miller v. Miller,* 421 Pa. Super. 23, 28, 617 A.2d 375, 377 (1992). An abuse of discretion is not found lightly, but upon a showing of clear and convincing evidence. *Id.* As a result, under the abuse of discretion standard, the appellate court does not usurp the trial court's duty as fact-finder. *Id.* An abuse of discretion will be found by the Superior Court only if the trial court failed to follow proper legal procedures or misapplied the law. *Braderman v. Braderman,* 339 Pa. Super. 185, 191, 488 A.2d 613, 615 (1985).

Section 3502(a) of the Divorce Code sets forth 11 factors to consider when equitably dividing marital property. We found that the special master adequately considered each of the necessary factors in making her recommendation, and that the factual determination is amply supported by the evidence. We found that the distribution recommended by the master is equitable and fair, especially considering the additional amount the petitioner will receive as her portion of Husband's mili-

tary pension and the fact that Husband was assigned most of the marital debt. We believe that it was not an abuse of discretion to adopt the master's recommendations relative to equitable distribution.

Petitioner next alleges that this court abused its discretion in accepting the special master's report and recommendation regarding the award of alimony to the plaintiff. The Superior Court's standard of review with respect to orders awarding alimony is limited to a determination of whether the trial court abused its discretion. *Dyer v. Dyer,* 370 Pa. Super. 377, 381, 536 A.2d 453, 455 (1988). "In determining whether alimony is necessary, and in determining the nature, amount, duration and manner of payment of alimony, the court must consider numerous factors including the parties' earnings and earning capacities, income sources, mental and physical conditions, contributions to the earning power of the other, educations, standard of living during the marriage, the contribution of a spouse as homemaker and the duration of the marriage." *Anderson v. Anderson,* 822 A.2d 824, 830-31 (Pa. Super. 2003). The purpose of alimony is not to reward one party and punish the other, but rather to ensure that the reasonable needs of the person who is unable to support himself or herself through appropriate employment are met. *Grandovic v. Grandovic,* 387 Pa. Super. 619, 629, 564 A.2d 960, 965 (1989). Furthermore, absent special circumstances, alimony following divorce is a secondary remedy and available only where economic justice and the reasonable needs of the parties cannot be achieved by way of an equitable distribution award and development of an appropriate skill. *Id.*

Petitioner testified that the divorce proceedings prevented her from obtaining full-time work. She earned

about $200 per week working part-time, and the special master determined that once the divorce was finalized, petitioner was young and competent enough to obtain full-time work. The master assigned her an earning capacity of $400 per week. (Report of Patricia H. Frankel, Master, 1/13/06, discussion p. 7.) This court adopted the master's recommendation that, in light of the length of the marriage, petitioner's condition of health, and her contribution to the marital entity prior to separation, petitioner be awarded alimony in the amount of $300 per month for one year, followed by $200 per month for an additional year, provided that she does not remarry or cohabitate with another man. (*Id.* at discussion, p. 9.) The master calculated petitioner's earning capacity to be $400 per week gross, and $1,732 per month. (*Id.* at discussion, p. 8.) Add to this the $894.38 petitioner receives as her share of Husband's pension and petitioner will have $2,626.38 per month gross. In light of this amount and the fact that Husband is entitled to consideration as the primary custodian of the children and for the fact that he is paying off the marital debt, we found that the special master's recommendation of $300 per month alimony was sufficient to meet the reasonable needs of the petitioner.

Petitioner's third claim in her concise statement alleges that this court abused its discretion in accepting the special master's report and recommendation that failed to award counsel fees to her. The purpose of an award of counsel fees is to promote fair administration of justice by enabling the dependant spouse to maintain or defend the divorce action without being placed at a financial disadvantage; the parties must be "on par" with one another. *Teodorski v. Teodorski,* 857 A.2d 194, 201 (Pa.

Super. 2004). Counsel fees are awarded based on the facts of each case after a review of all the relevant factors. *Id.* These facts include "the payor's ability to pay, the requesting party's financial resources, the value of the services rendered, and the property received in equitable distribution." *Anzalone v. Anzalone,* 835 A.2d 773, 786 (Pa. Super. 2003). Moreover, counsel fees are awarded only upon a showing of need. *Harasym v. Harasym,* 418 Pa. Super. 486, 496, 614 A.2d 742, 747 (1992).

On April 18, 2005, petitioner's attorney, Mark Zimmer, Esquire, filed a petition for leave to withdraw as counsel for Wife, which was granted on May 26, 2005. On September 23, 2005, Attorney Bruce L. Baldwin, Esquire, also withdrew his appearance on behalf of the petitioner. The petitioner waived her right to counsel throughout most of the proceedings, retaining her present attorney, Barbara Beringer, Esquire, only after a decree in divorce was entered on May 4, 2006, wherein the distribution of the marital assets and liabilities of the parties was specifically enumerated. The master found that the petitioner was able to represent her interests adequately during the period that she was unrepresented by counsel. The master's recommendation that each party pay his own counsel fees is supported by the fact that the record is devoid of any detailed statement of activities undertaken by either of her two previous attorneys, nor does it indicate the amount of time spent on those activities. Furthermore, while petitioner argues that she is entitled to counsel fees because she was forced to defend two petitions filed by Husband for exclusive possession, it cannot be ignored that petitioner, at one point, filed exceptions to the support/APL proceedings, resulting in the

court's remand to the non-support office to determine a support credit to her for the period of time her two sons spent with her during the summer. Husband argued the exception and paid his counsel to appear at the DRO hearing only to learn that the petitioner decided not to proceed with the action. Petitioner voluntarily chose to represent herself throughout the bulk of the proceedings and, in light of the relatively small amount of counsel fees she had incurred as of the date of the master's recommendation and the amount of APL payments received, petitioner did not demonstrate the kind of need necessary for an award of counsel fees. This court did not abuse its discretion when it adopted the master's recommendation that each party pay his or her own counsel fees.

Petitioner next alleges that this court abused its discretion in refusing to enter an order requiring defendant to continue designating her as his surviving spouse on the beneficiary designation of his military pension. Petitioner argues that in order for her to be entitled to the medical military benefit, she has to be entitled to this survivor benefit plan annuity on Husband's pension. (Transcript of proceedings, 4/17/06, p. 4.) The provisions of the Federal Employees Health Benefit Program specifically say that in order for Mrs. Jarvis to be entitled to what's called the spouse equity, which is the lifetime enrollment in the medical insurance plan, she does have to be designated as the annuitant under the survivor benefit plan coverage. (*Id.*) We found that this issue was not raised at the master's hearing, was therefore technically waived, and not properly before this court for review.

Notwithstanding this waiver, petitioner's insistence on being designated as the surviving spouse ignores the

fact that the parties are divorced, and Husband is free to remarry at any point in the future. Presumably, should Husband choose to remarry, he would include his new Wife as his surviving spouse on the beneficiary designation of his military pension. We also found that the military code and the Federal Employees Health Act does provide that Mrs. Jarvis is entitled, like she would be under COBRA, to a continuation for, I believe, three years of her military health coverage. (Transcript of proceedings, 4/17/06, p. 10.) All she'd need to do is, within 60 days, apply for it and pay for it like she would any other health coverage. (*Id.*) Although petitioner does not want to have to pay for her health insurance, if she is not already entitled to it by virtue of the fact that Husband's pension is already in pay status, we found that to saddle Husband with this added expense would have impacted the master's distribution of the marital assets. Because this issue was not raised at the master's hearing and the financial impact on the parties is unknown, and petitioner is entitled to continuing coverage that could be paid for with income from her share of her Husband's pension and/or alimony, we do not feel it was an abuse of discretion to refuse to enter an order requiring Husband to continue petitioner as his surviving spouse on the beneficiary designation of his military pension.

Petitioner's fifth claim in her concise statement alleges that this court abused its discretion in failing to remand this case to the special master in divorce for consideration of the equitable distribution, alimony, counsel fees and pension issues raised by the plaintiff in her pretrial statements and pleadings that were not addressed by the special master at the hearing. "An abuse of discretion is not merely an error of judgment, but if in reaching a

conclusion, the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record, discretion is abused." *Paden v. Baker Concrete Construction Inc.,* 540 Pa. 409, 412, 658 A.2d 341, 343 (1995). As the parties' pretrial statements that were submitted to the special master are not contained in the official record, this court is unable to review the extraneous issues. However, the record fails to disclose the slightest indication of bias or ill will toward the petitioner by the master's failure to address every single issue contained in petitioner's pretrial statement, and instead reflects that the special master considered all the necessary factors in formulating her recommendations regarding equitable distribution. As this court found that the master's recommendations were fair and equitable, and that any of the additional issues raised by petitioner in her pretrial statements would not likely have changed the master's recommendations, we do not believe that the failure to remand the case was an abuse of discretion.

The sixth claim raised by petitioner in her concise statement alleges that this court abused its discretion by failing to remand this case to the special master in divorce for a re-hearing due to the special master's failure to bifurcate plaintiff's case. This court is unable to discern petitioner's argument regarding the failure of the master to bifurcate her case, as there is no petition to bifurcate contained in the official file and the issue of bifurcation is not addressed at all in the transcripts of the hearings before the master on December 5, 2005 and December 16, 2005. This court recognizes that bifurcation is acceptable and appropriate only in limited circumstances.

In order to consider a petition for bifurcation as appropriate, this court feels that evidence must be produced to show that all required inventories and appraisements have been filed, and that all discovery proceedings relating to economic issues are completed, and the parties can no longer control the disposition of the collateral matters by delay of pretrial pleadings. *Smolinsky v. Smolinsky,* 1981 WL 207370. However, as the record is devoid of any petition for bifurcation, or even any mention of the possibility of bifurcation, we do not feel that the issue is properly before this court. We believe that it was not an abuse of discretion by failing to remand the case to the master for a rehearing.

Petitioner next alleges that this court abused its discretion by failing to address petitioner's request for a protective order that was filed on October 3, 2005. This "motion for protective order" was filed with the prothonotary's office but did not contain any type of scheduling order as required by B.R.C.P. 206.5(d). The failure of this court to address petitioner's request for a protective order cannot be attributed to an abuse of discretion, but rather to petitioner's failure to comply with the necessary local rules. This court is well aware that Rule 239(f) of the Pa.R.C.P. bars "dismissal" of an action for failure to comply with a local rule. However, that question does not arise in this case, as this court did not dismiss the case, but rather declined to hear the petitioner's motion because it was not provided with the necessary paperwork to schedule such a hearing. This may have been a simple oversight by the petitioner, based on her lack of expertise in the law; however we cannot ignore the fact that petitioner chose to proceed without the benefit of counsel for the majority of her divorce proceedings. A

pro se litigant is not absolved from complying with procedural rules. *Jones v. Rudenstein,* 401 Pa. Super. 400, 404, 585 A.2d 520, 522 (1991). Nor is a pro se litigant entitled to any particular advantage because he lacks legal training. *O'Neill v. Checker Motors Corporation,* 389 Pa. Super. 430, 434, 567 A.2d 680, 682 (1989). Our Supreme Court has adopted the position that "any layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing." *Warner v. University of Pennsylvania Health System,* 874 A.2d 644, 648 (Pa. Super. 2005). We therefore believe that our failure to address petitioner's motion for a protective order was not abuse of discretion.

Petitioner's final claim in her concise statement of matters complained of on appeal alleges that this court abused its discretion by allowing defendant to submit as evidence to the special master the custody evaluation that was previously removed from the record by the court. While we agree that the custody evaluation was previously removed from the record, we find petitioner's statement to be inaccurate.

There were two hearings held before the special master—one on December 5, 2005 and one on December 16, 2005. The exhibits were indexed and made a part of the official record in this case. The custody evaluation is not listed as an exhibit by either the plaintiff or the defendant in the official transcripts, nor is the custody evaluation contained in the divorce file. Husband's attorney, in his cross-examination of the petitioner, made a very brief reference to information contained within the custody evaluation, and the following exchange took place:

"The witness: Well, I don't want to acknowledge the use of the evaluation, if I am . . .

"The master: I agree with you. And I think Mr. Bernhart has indicated that he is not going to be using that.

"The witness: But he is still asking questions about my personal upbringing and so forth.

"The master: I think, Mr. Bernhart, that you can ask what behavior existed during the marriage." (N.T. before special master, 12/5/06, p. 126.)

This court did not "allow" Husband to submit the custody evaluation to the special master as evidence. Because the evaluation was part of the custody case and not submitted into evidence at the hearing, we find no indication that the special master in divorce took its contents into consideration when preparing her report and recommendations regarding the equitable distribution of the parties' marital assets, alimony, and counsel fees. We do not believe that it was an abuse of discretion to deny petitioner's exceptions to the recommendations because there is no suggestion that the evaluation in any way influenced the master's recommendation.

For all of the foregoing reasons, this court respectfully requests that the petitioner's appeal be denied and the order denying her exceptions to the master's recommendations and the accompanying order entering a decree in divorce be affirmed.