J-S13024-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| WILLIAM BURDA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DOROTHY BURDA | : | |
| | : | |
| Appellant | : | No. 1133 WDA 2018 |

Appeal from the Order Entered July 11, 2018
In the Court of Common Pleas of Bedford County
Civil Division at No(s):  1121 for the year 2013

BEFORE:   BENDER, P.J.E., OTT, J., and STRASSBURGER*, J.

MEMORANDUM BY OTT, J.:                          **FILED AUGUST 30, 2019**

Dorothy Burda ("Wife") appeals from the trial court's equitable distribution order filed July 11, 2018.  On appeal, Wife challenges the trial court's award of alimony.  Based on the following, we affirm.

The parties are well aware of the facts and procedural history, which this Court summarized in our July 30, 2019 memorandum.  We briefly note, in that memorandum, we affirmed the trial court's decision with respect to equitable distribution.  However, we remanded for a more detailed explanation by the trial court of the basis for its decision on permanent alimony.  On August 6, 2019, the trial court issued a supplemental memorandum. Accordingly, the matter is ripe for disposition.

_____
\*   Retired Senior Judge assigned to the Superior Court.

In her remaining claim, Wife contends the trial court erred and abused its discretion in awarding her alimony in a lesser amount than the spousal support Husband previously paid her. Wife's Brief, at 6. We disagree.

"Our standard of review over an alimony award is an abuse of discretion." **Gates v. Gates**, 933 A.2d 102, 106 (Pa. Super. 2007). Section 3701(b) of the Divorce Code states:

> In determining whether alimony is necessary and in determining the nature, amount, duration and manner of payment of alimony, the court shall consider all relevant factors, including:
>
> (1) The relative earnings and earning capacities of the parties.
>
> (2) The ages and the physical, mental and emotional conditions of the parties.
>
> (3) The sources of income of both parties, including, but not limited to, medical, retirement, insurance or other benefits.
>
> (4) The expectancies and inheritances of the parties.
>
> (5) The duration of the marriage.
>
> (6) The contribution by one party to the education, training or increased earning power of the other party.
>
> (7) The extent to which the earning power, expenses or financial obligations of a party will be affected by reason of serving as the custodian of a minor child.
>
> (8) The standard of living of the parties established during the marriage.
>
> (9) The relative education of the parties and the time necessary to acquire sufficient education or training to enable the party seeking alimony to find appropriate employment.

(10) The relative assets and liabilities of the parties.

(11) The property brought to the marriage by either party.

(12) The contribution of a spouse as homemaker.

(13) The relative needs of the parties.

(14) The marital misconduct of either of the parties during the marriage. The marital misconduct of either of the parties from the date of final separation shall not be considered by the court in its determinations relative to alimony, except that the court shall consider the abuse of one party by the other party. As used in this paragraph, "abuse" shall have the meaning given to it under section 6102 (relating to definitions).

(15) The Federal, State and local tax ramifications of the alimony award.

(16) Whether the party seeking alimony lacks sufficient property, including, but not limited to, property distributed under Chapter 35 (relating to property rights), to provide for the party's reasonable needs.

(17) Whether the party seeking alimony is incapable of self-support through appropriate employment.

23 Pa.C.S.A. § 3701(b). "To determine whether alimony is necessary and to establish the appropriate nature, amount, and duration of any alimony payments, the court is required to consider **all** relevant factors, including the 17 factors that are expressly mandated by statute." *Lawson v. Lawson*, 940 A.2d 444, 447 (Pa. Super. 2007) (emphasis in original).

Here, the trial court, in its Supplemental Memorandum, analyzed each of the factors and provided a thorough and well-reasoned discussion of Wife's remaining issue on appeal. *See* Supplemental Memorandum, 8/06/2019, at 1-8 (discussing each of the factors relevant to a determination of alimony and explaining how those factors justified its award of permanent alimony at the amount previously determined).

Our review of the record reveals ample support for the trial court's conclusions. Accordingly, we adopt the reasoning of the trial court and affirm its July 11, 2018 order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/30/2019

IN THE COURT OF COMMON PLEAS, BEDFORD COUNTY, PENNSYLVANIA

WILLIAM BURDA             : No. 1121 for the year 2013

         Plaintiff           :

      vs.                 : Civil Action — Law

DOROTHY BURDA          :

         Defendant       : In Divorce

## SUPPLEMENTAL MEMORANDUM

AND NOW, August 6, 2019, the Court enters the following Supplemental Memorandum:

On July 30, 2019, the Superior Court affirmed in part the trial court's opinion of July 10, 2018, however, they also directed as follows, "we affirm on wife's first issue, and remand this case to the trial court to issue a more detailed explanation of the reasons for its' decision and facts relied upon to reach that decision with respect to alimony, within 30 days of the receipt of the certified record."

Further, it appears the Superior Court was directing the Court specifically apply and discuss each of the 17 factors contained in Section 3701(b) of the Divorce Code. In response to this directive we provide the following; as noted in the original petition: "Alimony, in Pennsylvania, is generally awarded to enable a party to support themselves

1

when they are unable to otherwise do so; its purpose is to effect economic justice but only if that justice cannot be achieved by way of equitable distribution." Grandovic v. Grandovic, 564 A.2d 960 (Pa Super 1989.) (Trial Court's opinion of July 10, 2018, page 8.) Further, alimony is properly based on the reasonable needs of the recipient and may not be premised solely on the relative property of the payor. Nemoto v. Nemoto, 620 A.2d 1216 (Pa Super 1993).

The property division approved by the Superior Court results in the Defendant, Dorothy Burda, receiving approximately $138, 320.00 in value. This would include 50% of the agreed upon current assets of $175,000.00, (Trial Court opinion of July 10, 2018, page 6), and $50,878.00 of marital assets the Defendant, Dorothy Burda, removed without the Husband's knowledge or consent. This amounts to 61% of the marital estate. The Defendant, Dorothy Burda, also receives $700.00 a month in Social Security benefits, (Trial Court's opinion of July 10, 2018, page 4.) The Defendant was 80 at the time the Court's opinion was written, and is eligible for Medicare. (Trial Court's opinion of July 10, 2018.) The Defendant, Dorothy Burda, would need to pay for a Part B plan and so the Court awarded the amount of $225.00 per month, this amount is above the average cost of a Part B plan of $135.00 per month. So in essence, the Court ordered the permanent alimony order because although the Defendant had access to a substantial cash settlement, and Medicare, she would need financial aid for her Part B supplement.

Applying the various factors under the Code provides the following:

**Factor 1.** <u>The relative earnings and earning capacities of the parties</u>. Both parties are retired. Husband's pension payments consists of a municipal pension of $334.76 a

month; a Bethlehem Steel pension in the amount of $141.13 a month and his Social Security in the amount of $1,833.30 a month. The Defendant, Dorothy Burda, has only Social Security in the amount of $700.00. Neither party is in good health, and neither can work. As noted in the earlier opinion, the Defendant's, Dorothy Burda, health is worse than the Plaintiff's including mental deterioration. As noted, in the original opinion, the hearing was stopped at one point to ensure whether the Defendant was competent to proceed unassisted, and the doctor recommended an advisor be appointed to assist her, and her daughter was appointed.

**Factor 2.** <u>The ages and the physical, mental and emotional conditions of the parties</u>. As noted, the Plaintiff is 79 and the Defendant is 80 years of age, and as noted above, neither is in good health, neither can work.

**Factor 3.** <u>The sources of income of both parties, including, but not limited to, medical, retirement, insurance or other benefits</u>. The parties' sources of income are limited to Social Security, the Plaintiff's pension benefits, and the proceeds from the equitable distribution.

**Factor 4.** <u>The expectancies and inheritances of the parties</u>. Neither party has any expectation of inheritances.

**Factor 5.** <u>The duration of the marriage</u>. The marriage was of long duration lasting 46 years.

**Factor 6.** <u>The contribution by one party to the education, training or increased earning power of the other party</u>. The record does not support any fending that either party contributed to the education, training or increased earning capacity of the other.

**Factor 7.** <u>The extent to which the earning power, expenses or financial obligations of a party will be affected by reason of serving as the custodian of a minor child</u>. There were no children born of the marriage and the Defendant's, Dorothy Burda, children from her first marriage are grown and currently assist in her care.

**Factor 8.** <u>The standard of living of the parties established during the marriage</u>. At one point in their lives, the parties enjoyed a good standard of living. The Plaintiff normally was employed as a steel worker and a mechanic. The Defendant operated several very profitable businesses. However, with their separation and health problems both parties' standard of living has been substantially reduced.

**Factor 9.** <u>The relative education of the parties and the time necessary to acquire sufficient education or training to enable the party seeking alimony to find appropriate employment</u>. Given the Defendant's age, physical and mental limitations, there is no possibility of her to return to employment. The same is true for the Plaintiff.

**Factor 10.** <u>The relative assets and liabilities of the parties</u>. As noted, the only assets the parties possess other than burial lots and a building lot of almost no value were the assets contained in the equitable distribution hearing. Specifically the $175,000.00 stipulated by counsel. In addition, the Defendant, Dorothy Burda, has the $50,857.00

4

of cash removed by her at the commencement of the divorce. The parties have about $35,000.00 in credit card debt but it appears neither party is able financially to liquidate this debt.

**Factor 11.** <u>The property brought to the marriage by either party</u>. The record does not disclose any substantial property brought into the marriage other than both parties were willing to work hard, and the Defendant's business acuteness.

**Factor 12.** <u>The contribution of a spouse as homemaker</u>. The Defendant served as an able homemaker despite her businesses and the Plaintiff did the outside chores around the residence.

**Factor 13.** <u>The relative needs of the parties</u>. The parties' needs are similar, except as noted, the Plaintiff, William Burda, retirement provides him with insurance. However, he must pay $309.00 a month for this care. The Plaintiff also pays $475.00 a month for his apartment, which does not include utilities. The Defendant, Dorothy Burda, post separation will need to rely on Medicare and she must be able to pay for a Part B component. Although not clear, it appears the Defendant, Dorothy Burda, lives with her one daughter who assists with her care.

**Factor 14.** <u>The marital misconduct of either of the parties during the marriage. The marital misconduct of either of the parties from the date of final separation shall not be considered by the court in its determinations relative to **alimony**, except that the court shall consider the abuse of one party by the other party. As used in this paragraph,</u>

5

"abuse" shall have the meaning given to it under section 6102 (relating to definitions). There was no evidence of marital misconduct by either party.

**Factor 15.** <u>The Federal, State and local tax ramifications of the **alimony** award</u>. Given the parties low income it appears unlikely that either party will be liable for income taxes and so an award of alimony will have little effect on either of them.

**Factor 16.** <u>Whether the party seeking **alimony** lacks sufficient property, including, but not limited to, property distributed under Chapter 35 (relating to property rights), to provide for the party's reasonable needs</u>. As noted in the original opinion, it appears the Defendant, Dorothy Burda, will need assistance to meet her needs primarily medical insurance. The amounts received in the divorce would be sufficient taken in conjunction with her Social Security to meet most of her needs. However, she will need assistance for her Part B plan and the $225.00 a month in permanent alimony would seem to do that plus provide some income about $90.00 a month to go to her expenses. The Defendant, Dorothy Burda, received a spousal support order of $557.79 in No. 200-S for 2013. However, pursuant to the Rule PRCP 1910.6-4 part IV, this order was entered based solely on the basis of the parties respective incomes without consideration of assets in their possession.

**Factor 17.** <u>Whether the party seeking alimony is incapable of self-support through appropriate employment</u>. As already noted the Defendant, Dorothy Burda, cannot and will not be able to support herself through employment.

6

In conclusion it appears permanent alimony is appropriate, but to leave it at the amount set in the spousal support order ignores the distribution of property received by her. The amount awarded appears sufficient to meet her needs. To award more would appear to convert the alimony received by the Defendant into a distribution of property and as noted in the Superior Court opinion, the parties choose not to proceed in that fashion.

By the Court:

_____ P.J.

Counsel:

For the Plaintiff:
John C. Peters, Jr., Esquire

For the Defendant:
Anthony J. Zanoni, Esquire

7