620 A.2d 1216

**Edwin M. NEMOTO**

v.

**Ellen T. NEMOTO, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 3, 1992.

Filed Feb. 26, 1993.

. Ann L. Begler, Pittsburgh, for appellant.

Murray A. Felder, Pittsburgh, for appellee.

Before ROWLEY, President Judge, and DEL SOLE and CERCONE, JJ.

CERCONE, Judge:

This is an appeal from a final decree in divorce entered December 30, 1991 in the Court of Common Pleas of Allegheny County. For the reasons set forth below, we affirm.

The parties are in agreement regarding the procedural history of the instant case. Edwin Nemoto (hereinafter "husband") initiated the divorce proceeding underlying this appeal in November of 1988. The divorce complaint included a claim for equitable distribution of the marital property. Defendant/wife, Ellen Nemoto (hereinafter "wife"), filed an answer and counterclaim seeking equitable distribution, designation of beneficiary on certain insurance policies, the right to live in the marital residence, custody, spousal support, alimony *pendente lite*, alimony, child support, counsel fees and expenses. Husband filed an answer to counterclaims, and the discovery

process ensued. On November 13, 1989, a consent order was entered directing husband to pay alimony *pendente lite* in the amount of $1,800 per month and a wage attachment was entered.

A trial was held before the Honorable Max Baer on November 7 and 8, 1990. Judge Baer entered a decree nisi on November 26, 1990 and delivered an adjudication in open court on that date.[1] Wife timely filed a motion for post-trial relief to which husband timely responded. Husband also filed both a motion for post-trial relief and an amended motion for post-trial relief. After the parties filed appropriate briefs, oral argument was held on March 22, 1991. The trial court entered a Qualified Domestic Relations Order which was dated December 30, 1991 and filed January 2, 1992. Wife thereafter presented a motion to compel payment of funds and to continue alimony *pendente lite* in the amount of $1,800 per month. The trial court denied wife's request without prejudice to her right to renew the petition in the event she took an appeal. A divorce decree and a final decree on the property issues were both entered January 2, 1992 but dated December 30, 1991. On January 2, 1992 the trial court also entered an order directing husband to pay alimony to wife in the amount of $600 per month for "an indefinite period."[2]

Wife timely filed her notice of appeal on January 27, 1992. She also filed a petition to stay alimony and reinstate alimony *pendente lite*. However, the trial court denied wife's requests on February 6, 1992.

Our review of the trial transcripts and Judge Baer's adjudication of record, discloses that the parties were married on June 20, 1965 in their native state of Hawaii. Two children were adopted by the couple during the term of the marriage, John and Julie Nemoto, who were aged 19 and 17 respectively at the time of trial. Both husband and wife have obtained

---

1. Judge Baer has not filed a separate opinion in the instant case, preferring to rely on the transcripts of his adjudications. *See* N.T. 11/26/90 (filed 4/14/92) and N.T. 5/15/92 (filed 5/19/92).

2. This award may be modified either upward or downward upon party motion if the existence of certain conditions specified in the December 30th order are demonstrated to the trial court.

bachelor's degrees. Husband has also earned both a master's degree and a doctorate from Rutgers University. Wife provided substantial financial support for husband throughout the term of his tertiary studies. Husband is currently employed by the University of Pittsburgh in an unspecified capacity connected with the Department of Anesthesiology, a subdivision of the University's School of Medicine.[3]

From 1972 through 1984, wife was not gainfully employed outside the house, but remained home to rear the couple's children. However, wife obtained paid work as a receptionist in 1985 because the parties went through a temporary separation. This employment ceased after the parties were reconciled. The parties separated finally on March 1, 1987. *See* Opinion of Court dated November 26, 1990 (filed 4/14/92) at 8–9. With husband's financial assistance, wife subsequently sought retraining which would enable her to obtain work in the field of Health Records Administration.[4]

The timely appeal filed by appellant wife has raised the following three issues:

    A.  The lower court erred as a matter of law and/or abused its discretion through the misapplication of the factors set forth in Section 3701 of the Pennsylvania Divorce Code, resulting in an insufficient alimony award to wife of only $600.00 per month.

    B.  The lower court erred as a matter of law and/or abused its discretion when it set limitations upon the right to seek a modification in the future and established in its opinion the criteria that would govern future modifications.

    C.  The lower court erred as a matter of law and/or abused its discretion in failing to continue [wife's] existing

---

**3.** The record does not designate whether Dr. Nemoto is classified as staff or faculty, or explain his exact function with the Department of Anesthesiology.

**4.** At the time this case was before the trial court, wife hoped to complete her schooling by mid–1991 and planned to immediately seek employment upon graduation. The trial court found that wife could reasonably expect to earn an initial salary of $18,000 per year. *See Opinion of Court dated November 26, 1990 (filed 4/14/92) at 5–6.*

order of alimony *pendente lite* during the pendency of all appeals.

We shall consider these questions in the order in which they were raised.

■■■■ Appellant wife first contends that the trial court erred by misapplying the factors set forth in section 3701 of the Divorce Code when setting the amount of alimony to be awarded. In evaluating a question of this type, our standard of review is limited to a determination of whether the trial court abused its discretion. *Viles v. Viles*, 416 Pa.Super. 95, 103, 610 A.2d 988, 992 (1992). An abuse of discretion is not found lightly, but only upon a showing of clear and convincing evidence. *Braderman v. Braderman*, 339 Pa.Super. 185, 190, 488 A.2d 613, 615 (1985). Moreover, an abuse of discretion is not merely an error of judgment. *Id.* at 190 n. 2, 488 A.2d at 615 n. 2. It exists if the law is overridden or misapplied, or if the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record. *Id.*

■■ The Superior Court is not free to usurp the trial court's duty as the finder of fact. *Edelstein v. Edelstein*, 399 Pa.Super. 536, 540, 582 A.2d 1074, 1076 (1990), *allocatur denied*, 528 Pa. 611, 596 A.2d 157 (1991). We are nevertheless obligated to review the proceedings thoroughly. *Id.* Since an abuse of discretion will be found by this court only if the trial court failed to follow proper legal procedure or misapplied the law, we must examine appellant's allegations and the trial court's decision in accordance with the above standard. *See Braderman, supra.*

■■■■ The purpose of alimony is not to reward one party and to punish the other, but rather to ensure that the reasonable needs of the person who is unable to support himself or herself through appropriate employment, are met. *Grandovic v. Grandovic*, 387 Pa.Super. 619, 629, 564 A.2d 960, 965 (1989). Alimony following divorce is a *secondary remedy* and is available only where economic justice and the reasonable needs of the parties cannot be achieved by way of an equitable distribu-

tion award and development of an appropriate employable skill. *Id.* It is appellant's belief that the trial court has not demonstrated a proper balance in its approach to effectuating "economic justice" between the parties. To advance this proposition, appellant wife has presented a detailed analysis of certain factors listed at 23 Pa.C.S.A. § 3701(b).[5] We have carefully considered the arguments advanced by both parties concerning the relevant sub-sections of the Divorce Code. We have also scrupulously inspected the extensive certified record in this case. However, we have found no indication that the trial court has committed an "abuse of discretion" as that phrase is defined by our law. The well reasoned and highly detailed explanations provided by the Honorable Max Baer correctly dispose of the points raised by appellant wife, and we affirm on that basis. *See* Opinion of Court dated November 26, 1990 (filed 4/14/92) and Opinion of Court in Support of Final Decree dated May 15, 1992 (filed 5/19/92).

Appellant next argues that the trial court committed an error of law and abused its discretion by setting a limitation upon her right to seek an upward modification of alimony based solely upon income increases which appellee husband may achieve in the future. The challenged provisions were set forth by the trial court in the Final Decree of December 30, 1991:

5. Specifically, appellant has analyzed the facts of the case under subsections (b)(1) (relative earnings and earning capacities of the parties), (b)(2) (ages and physical, mental and emotional conditions of the parties), (b)(3) (sources of income of both parties), (b)(5) (duration of the marriage), (b)(6) (contribution by one party to the education, training or increased earning power of the other party), (b)(7) (extent to which the earning power, expenses or financial obligations of the parties will be affected by reason of serving as the custodian of a minor child), (b)(8) (standard of living of the parties established during the marriage), (b)(9) (relative education of the parties and time necessary to acquire sufficient education or training to enable the parties seeking alimony to find appropriate employment), (b)(10) (relative assets and liabilities of the parties), (b)(12) (contribution of spouse as homemaker), (b)(13) (relative needs of the parties), (b)(14) (marital misconduct), (b)(15) (tax ramifications), (b)(16) (whether the person seeking alimony lacks sufficient property to provide for reasonable needs), and (b)(17) (ability of the party seeking support to achieve self-support through appropriate employment).

3. Wife is awarded additional alimony upon the following terms and conditions:

a. From the Closing Date for an indefinite period, Husband shall pay to Wife alimony in the amount of $600.00 a month.

b. This award of alimony shall not increase regardless of any increase in Husband's net income.

c. Husband may seek a reduction or termination of alimony in the event of a substantial and continuing decrease in his net income or a substantial and continuing increase in Wife's net income.

d. Wife may seek modification in the event of substantial and continuing increase in her reasonable needs or a substantial and continuing decrease in her net income.

e. This Court has assumed, based upon the totality of the record, that Wife's current net income from employment is $1,200.00 a month. Accordingly, should Wife's net income be substantially more or less, such fact may justify modification in accordance with the above set forth criteria. This Court recognizes that Wife will be receiving investment income from the $100,000.00 awarded to her as part of equitable distribution, and therefore the receipt of such investment income shall not constitute a change of circumstances justifying a modification of alimony.

f. This Court has assumed, based upon the totality of the record before it, that Husband's net income after his funding of his pension is approximately $4,300.00 a month.

4. In awarding additional alimony in accordance with Wife's Post Trial Motions, this Court reviewed all the factors set forth in 23 Pa.C.S.A. § 3701(b). In particular, it considered that this was a 22 year marriage prior to separation during which Husband continuously was employed, and Wife primarily served as a homemaker. Both parties are now approximately 48 years of age, and because of this employment history, Husband's relative earnings and earning capabilities are far greater than Wife's. Wife's reasonable needs based upon the standard

of living established during the marriage are such that even with this Court's equitable distribution award she lacks sufficient income to meet those needs. This Final Decree accordingly effectuates economic justice between the parties.

Final Decree dated December 30, 1991 (entered January 2, 1992) at 2–3.

The Opinion in Support of Final Decree clarifies as follows the trial court's intent concerning modification of alimony:

[T]he Court does not believe that based upon the totality of these factors, that wife deserves to share in husband's future increases in earnings which are coming as a result of his employment. Thus, the Court provided that the alimony would not increase, regardless of an increase in the husband's income.

The court does believe that its award carefully considered the amount of income husband made as of time of trial, and if there was a substantial and continuing decrease in his net income or a substantial and continuing increase in wife's net income, that it would be appropriate to modify or, indeed, terminate alimony.

It is the Court's intent and I certainly do not hesitate to state on the record, to terminate this alimony at some point in the future when wife's reasonable needs can be met through her own income.

Opinion of Court in Support of Final Decree, supra, at 11–12. It is appellant's theory that the trial court has worked an economic injustice through these provisions since appellant will be precluded from benefiting each time husband earns a pay raise. Despite our sympathy with appellant's situation, we are unable to grant the relief she requests.

As we have already explained, the purpose of alimony is not to punish one spouse and reward the other. *Grandovic v. Grandovic*, 387 Pa.Super. at 629, 564 A.2d at 965. The purpose of alimony is to ensure that the reasonable needs of a dependent spouse are met. *Steinmetz v. · Steinmetz*, 381 Pa.Super. 440, 448, 554 A.2d 83, 86 (1989). Here, the learned trial judge has crafted a scheme of equitable distribution and

alimony which carefully weighs and balances appellant's reasonable need for assets as well as for current and future income in conjunction with her ability to provide for herself. When the language of the several orders entered by Judge Baer in this case is considered dispassionately, it is clear that the trial court has recognized appellant's continuing need for additional income for the foreseeable future in order that economic justice between the parties may be effectuated.[6]

The challenged order correctly stresses the point that alimony is properly based on the reasonable needs of the recipient and may not be premised solely upon the relative prosperity of the payor. The trial court has not closed the courtroom door upon appellant. Instead, Judge Baer's order explicitly provides for the contingency that appellant wife's reasonable need for income may increase in the future. If the conditions of appellant's life change so that she requires additional financial assistance to meet her reasonable needs, she will be free to petition the court for increased alimony. She is merely barred from abusing the limited resources of the courts in an attempt to gain funds for which she can demonstrate no reasonable need. In consideration of the specific circumstances of this case, we conclude that the trial court's order constitutes neither an error of law nor an abuse of discretion prejudicial to appellant.

6. We are cognizant that the parties have not challenged the trial court's division of the marital property in the instant case. However, we cannot view an order granting alimony in isolation from a trial court's equitable distribution scheme because the relative assets of the parties is one factor which must be considered by the lower court in the alimony context. *See* 23 Pa.C.S.A. § 3701(b)(10). This does not mean that a dependent spouse suffers from some sort of "double debit" when he or she acquires assets via equitable distribution. It does mean that the totality of the assets and income actually available to the dependent spouse must be fairly evaluated, regardless of the source from which they derive. *Id.* In the instant case, the trial court granted appellant wife slightly more than 75% of the couple's marital assets which totalled approximately $205,000. This court recognizes that appellant wife received a substantial portion of husband's pension fund, the value of which is not immediately available to her. *See* Decree Nisi dated November 26, 1990 at ¶ 1 and 2 (incorporated by reference into the Final Decree dated December 30, 1991).

Finally, appellant complains that the trial court erred by failing to continue the existing order of alimony *pendente lite* ("APL") during the pendency of all appeals. Appellant contends that Pennsylvania law entitles her to continue receiving APL until all her appeal rights have been completely exhausted. This is not a fully accurate characterization of our law, however.

Under the Divorce Code, alimony *pendente lite* is allowable to either spouse during the pendency of the divorce action. 23 Pa.C.S.A. § 3702. A grant of APL by the trial court is not a matter of right to either party. Rather, "APL is based on the need of one party to have equal financial resources to pursue a divorce proceeding when, in theory, the other party has major assets which are the financial sinews of domestic warfare." *DeMasi v. DeMasi*, 408 Pa.Super. 414, 420, 597 A.2d 101, 104 (1991).

Unquestionably, the termination of litigation involving divorce and equitable distribution matters results in the cessation of an APL order. *Id.* at 423, 597 A.2d at 105. This rule does not mean, however, that *only* the termination of the litigation may mark the end of APL. If, after careful review, the trial judge determines that the spouse who has been receiving APL has acquired assets or income which sufficiently equalizes the financial resources of the parties to pursue the action, APL may be discontinued. *See Spink v. Spink*, 422 Pa.Super. 126, ——, 619 A.2d 277, 279 (1992). The Superior Court will uphold the trial court's action in this regard where the factual findings are supported in the certified record. *Id.*

We recognize that in this case, appellant's earning capacity and actual income is less than that of appellee. The record clearly indicates that this situation is unlikely to change in the future. Nevertheless, the record also discloses that appellant now has adequate assets and income available to her through equitable distribution, alimony, and her own earning

capacity so that she may litigate the case as she chooses.[7] We find no basis upon which to overrule the trial court's holding.

Order affirmed.

7. Appellant's brief also mentions the fact that the trial court failed to award counsel fees and expenses to her. *See* Appellant's brief at 46. Such a statement hardly constitutes the type of developed argument necessary to preserve an issue on appeal. *See* Pa.R.A.P., Rule 2119(a), 42 Pa.C.S.A. We note, purely for the sake of discussion, that the trial court is empowered to grant a litigant sufficient funds to pay for counsel fees and expenses in a proper case. 23 Pa.C.S.A. § 3702. However, the purpose of such an award is not to punish one spouse or to reward the other. *Hoover v. Hoover,* 288 Pa.Super. 159, 161, 431 A.2d 337, 338 (1981). Reasonable attorney fees and expenses are to be paid upon a demonstration of actual need so that both parties are placed on a par in defending their rights. *Id.* The simple fact that one spouse earns more than the other does not automatically entitle the dependent spouse to receive counsel fees or expenses. *Id.* Rather, there must be a showing that the spouse who earns less needs the relief in order to adequately defend his or her rights. *Id.* at 162, 431 A.2d at 338. As previously discussed, the record in the instant case supports the trial court's conclusion that appellant now possesses adequate resources to protect her rights via litigation.