Kizina v. Kizina

*John R. Ryan,* for plaintiff.
*John Sughrue,* for defendant.

CHERRY, *J.,* October 24, 2007—This matter comes before the court following the filing by defendant, Lyle Michael Kizina, for an award of alimony, counsel fees, costs and expenses. Hearing on the above issues was held on July 6, 2007. Defendant, Lyle Michael Kizina, filed a motion requesting the court to maintain an open record pending submission of medical testimony and records. This court denied the motion by order of court dated August 20, 2007. Both parties timely filed their respective briefs. Upon consideration of the testimony and briefs, the court enters the following:

## OPINION

The parties to this action were married on July 22, 1978 and separated on or about September 10, 2005. The parties have lived continuously separate and apart since that date. The plaintiff in this action is Sheri Jean Kizina,

age 50, d.o.b. December 18, 1956. The defendant in this action is Lyle Michael Kizina, age 53, d.o.b. February 25, 1957. There were two children born of this marriage. Both children are now adults and neither are dependent upon either of the parties for support. At the time of the parties' marriage, defendant, Lyle Michael Kizina, was employed by Lawrence Township as a police officer and plaintiff was employed at Wolf's Furniture in a clerical position. For the first 10 years of the parties' marriage, plaintiff continued to work at minimum wage jobs outside the home except for the time taken when her children were born. In 1985 the defendant left the Lawrence Township Police Department and obtained employment on the Lawrence Township Road Maintenance Crew where he continued to work until 1986 when he suffered a back injury. The defendant has not worked since 1986. The defendant was awarded Social Security disability two or three years later and continues to receive said benefits in the amount of $1,198 per month. Defendant also receives Medicare insurance.

Plaintiff enrolled as a full-time student at Lock Haven University in 1989 seeking to obtain a nursing degree. She graduated in 1992 with an associates degree as a registered nurse. During the time plaintiff was a full-time student, the parties lived on an inheritance that the plaintiff had received from her father's estate and on the disability payments received by the defendant. Testimony presented at hearing established that the plaintiff paid for her education through grants and student loans. Following graduation, plaintiff was employed as a nurse at the Tyrone Hospital for approximately a six-month period before obtaining employment at DuBois Regional

Medical Center where she continues to work at the present time.

The parties separated on September 6, 2005 and have lived separate and apart since that date. At the time of their separation, the parties' marital residence was 21 Chevy Lane, Lawrence Township, Clearfield County, Pennsylvania.

Shortly after the date of the final separation, the plaintiff filed a petition under the Protection From Abuse Act alleging certain acts of physical and verbal abuse on the part of the defendant. A final order was entered by this court granting the petition on October 25, 2005. The defendant failed to appeal or otherwise contest this order. The court finds as fact that the allegations contained in said petition as they were not contested by the defendant, are true and that the behavior of the defendant was the primary reason for the plaintiff's decision to leave the marital residence and to seek a divorce from the defendant.

From the time of the parties' final separation in September 2005 until November 2006, the defendant continued to reside in the former marital residence. During that period of time, the plaintiff provided for the support and maintenance of the defendant by making the mortgage payments, (first and second mortgage encumbering the marital property); by making the lease payments on the vehicle in the possession of the defendant; by paying co-pay amounts on health care expenses incurred by the defendant and by making certain utility payments on the marital residence. The court hereby finds as fact that, during that period of time, plaintiff paid a total of $16,171.09 for the support and maintenance of the defendant.

144

The marital residence of the parties was sold by the parties on November 15, 2006. Following payment of the mortgages encumbering the premises, realtors commission and other closing costs, no net proceeds were realized from the sale.

Since the time of the parties' final separation, plaintiff has paid the sum of $208 each month to provide health insurance for the defendant through her employment and has continued to do so through the present time.

The court hereby finds as fact that the plaintiff currently earns a gross income of $3,009 per month from her employment at DuBois Regional Medical Center. The court also hereby finds that plaintiff has monthly expenses of approximately $3,000. The court hereby finds that the monthly expenses reported by plaintiff are fair and reasonable and hereby accepts those expenses as set forth in plaintiff's income and expense statement as true and correct.

The court hereby finds as fact that the defendant currently has monthly income in the amount of $1,198 and receives food stamps in the amount of $10 per month. He has monthly expenses of $2,408 which includes payment on his fines and costs incurred as a result of his driving under the influence arrest and admittance into the Accelerated Rehabilitative Disposition Program in Clearfield County. The court further finds that defendant claimed he was making payments for personal loans. However, no documentation to substantiate the same was offered into evidence. The court also finds the defendant is paying a higher auto insurance premium as a result of his D.U.I. arrest which occurred after the date of separation.

The court hereby finds as fact that the defendant recently received the net sum of $11,205 from the sale of the 1979 Corvette, a marital asset, in which the plaintiff had agreed may be sold with the entire proceeds to become the sole property of the defendant. The testimony presented at hearing established that the defendant, from the above amount of $11,205, paid his counsel $6,000 and used the remaining monies to pay off the fines and costs referred to above. In addition, the defendant retained other marital assets.

This court finds that the defendant has retained the majority of the assets comprising the marital estate. The court finds that neither party has any reasonable expectation of receiving any inheritances or other sums of money other than their income. Both parties lived beyond their means during the course of their marriage which resulted in the filing of a joint bankruptcy petition. Neither party brought property into the marriage of any appreciable value for consideration by the court.

The evidence clearly shows that Husband is fully disabled and unable to work. It shows that Husband has suffered and continues to suffer from a significant health diminishing condition. The evidence clearly shows Husband's limited income and this fact is unlikely to increase significantly in his lifetime. However, based upon the testimony presented at hearing, the court hereby finds that, during the time the defendant has been in receipt of his disability benefits, he has never attempted to avail himself of the services of the Department of Vocational Rehabilitation nor has he sought any type of education or retraining or has never made any effort whatsoever to re-enter the job market at a position within his physical limitations. Furthermore, the defendant has failed to

ascertain whether any benefits, medical or otherwise, are available to him as a veteran of the Armed Services.

Based upon the testimony and evidence presented, this court cannot find as a fact that the Defendant is incapable of obtaining employment to support himself despite his medical problems. The fact that he has chosen not to do so does not compel a finding to the contrary.

Based upon the testimony and evidence of record, the court hereby finds that, except for the performance of household chores and duties by the defendant, neither party made any substantial contribution to the education, training or increased earning capacity of the other party.

The court also finds that, at the time of the separation of the parties, defendant was abusing prescription medications. Plaintiff tried to encourage the defendant to seek help for his addictive behaviors. The defendant refused to do so. The court hereby finds plaintiff's testimony to be credible on this issue. Plaintiff's testimony was corroborated by the testimony of defendant's brother to the period of time immediately prior to the parties' separation.

This court has considered the testimony and evidence submitted at the time of hearing by both parties as well as the pre-hearing documents filed by the parties. The relevant factors governing an award of alimony are set forth in 23 Pa.C.S. §3701(b). Preliminarily, the court notes that, "the purpose of alimony is not to reward one party and punish another, but rather to ensure that the reasonable needs of the person who is unable to support himself/herself through appropriate employment are met." *Jayne v. Jayne,* 443 Pa. Super. 664, 675, 663 A.2d

169, 174 (1995), citing *Nemoto v. Nemoto,* 423 Pa. Super. 269, 620 A.2d 1216 (1993). In *Jayne,* the court noted the master specifically considered all relevant factors as set forth in 23 Pa.C.S. §3701 for determining whether alimony is necessary and determined a temporary award of alimony was necessary under all the circumstances in the case, including the fact that wife was not presently able to support herself. *Id.*

Additionally, the court has stated "[a]limony following divorce is a *secondary remedy* and is available only where economic justice and the reasonable needs of the parties cannot be achieved by way of an equitable distribution award and development of an appropriate employable skill." *Nemoto v. Nemoto,* 423 Pa. Super. at 275-76, 620 A.2d at 1219 (citations omitted); *McNaughton v. McNaughton,* 412 Pa. Super 409, 603 A.2d 646 (1992).

In *Fischer v. Fischer,* the court stated:

"As previously noted, neither equitable distribution nor alimony may be considered in a vacuum. To some extent at least, they operate in inverse proportion to one another. As the property distribution increases, wife has more assets to produce income, and thus less need for alimony. If one takes a nickel of the cost of rutabaga and adds it to the leeks, the total grocery bill is the same. Similarly, by adding to the cash wife receives in the property distribution, her need for alimony should be reduced." *Fischer v. Fischer,* 33 D.&C.3d 69, 76 (1984).

This court has analyzed the testimony and evidence in light of the applicable factors set forth at 23 Pa.C.S. §3701(b) in determining whether or not to make an award of alimony to the defendant. This court hereby finds that

the plaintiff has provided for the support of the defendant during the period from the time of the separation in September 2005 up to and including the time of hearing by making payments in the total amount of $16,171.09. This court hereby finds that, while plaintiff's income clearly is more than that of defendant, she is presently unable to contribute to his support by paying alimony, costs and expenses and continue to support herself.

This court is not convinced that the defendant is incapable of gainful employment to supplement his income. He has failed to exhaust or even inquire into additional benefits which may be available to him and has failed to seek further education or training which would enable him to obtain employment within his physical limitations. He has failed to contact the Office of Vocational Rehabilitation to inquire as to the possibility of employment. The court hereby finds that the defendant has previously received a substantial majority of the marital assets which includes the 1979 Corvette.

Based upon the testimony presented at hearing, the court hereby concludes that the conduct of the defendant was the primary cause of the parties' final separation. As such, defendant's request for alimony, counsel fees and expenses is not warranted.

Based upon the foregoing, the court enters the following:

## ORDER

And now, October 24, 2007, following hearing and the timely receipt of briefs and upon consideration of same, it is the order of this court that defendant's claim for alimony, counsel fees, costs and expenses shall be and is hereby denied.