**Roeshman v. Selig**

354

*Anthony M. Muir*, for plaintiff.
*Joseph C. Bernstein*, for defendant.

JOHNSON, *J.*, July 1, 2013—Before this court for consideration are the plaintiff's exceptions to order of January 9, 2013, and the defendant's exceptions to interim order of January 9, 2013. The court will apply an abuse of discretion standard to the master's determinations.

Here, the court finds no abuse of discretion related to the exceptions raised by the plaintiff and, therefore, the plaintiff's exceptions are denied.

The court is remanding to the master defendant's exception # 11, in which the defendant seeks termination of spousal support, and then if the master determines that spousal support should not be terminated at this time, the master shall review defendant's exceptions # 1-4 to recalculate the method of imputed income upon the defendant.

The first issue to be addressed is whether it is appropriate

to terminate spousal support in this matter. The court takes note of several factors in this matter which weigh in favor of the termination of spousal support as the defendant requests. First, the marriage in this case lasted for a period of twenty-one (21) years. The divorce proceedings are still being continued in this matter seven (7) years after separation. The defendant has been providing spousal support for in excess of seven (7) years. At the beginning of this divorce, there were minor children of the marriage, all of whom have since reached the age of majority and are no longer cared for by the plaintiff. The plaintiff is well-educated and has been able to find work. It appears, from the record, that plaintiff has been able to secure two jobs in the recent past. It was mentioned at argument on the exceptions that plaintiff may have recently lost her employment and it is unclear whether she is currently working. Regardless of this, it appears conclusive that the plaintiff has the education and capability of finding work and supporting herself. While plaintiff's income earning ability is less than defendant's, alimony and support are to be based on the reasonable needs of the recipient and not solely on the prosperity of the payor. *Nemoto v. Nemoto*, 423 Pa. Super. 269, 620 A.2d 1216, 1221 (1993).

In addition, it appears that there is a possibility that the plaintiff has already received more spousal support than she would have if this divorce were granted earlier in this litigation. It appears that, under the factors listed in Pa.R.C.P. 1910.16-1(c)(2) and the factors for deviation from the support guidelines Pa.R.C.P. 1910.16-5, the length of the marriage is allowed to be considered when

determining support. It appears that plaintiff is now able to support herself and continue to litigate her divorce as she has had substantial time to transition back self-sufficiency. This issue, exception # 11, is remanded to the master to make findings based on the factors of 23 Pa.C.S.A. 3701 and Pa.R.C.P. 1910.16-1.

Should the master conclude that termination of support is not yet appropriate in this case, the master is also directed to review the imputed income of the defendant. An imputed income should be placed on the defendant where he is intentionally failing to earn income or intentionally is reducing his income. Here, the master has recommended an imputed income for the defendant based on print-outs of online advertisements provided by the plaintiff. Upon review of these advertisements, there appear to be questions of their sufficiency as proof as to a possible earning potential. The locations of the advertised positions are unclear. It is also unclear whether those positions require travel. Defendant may not be eligible for travel depending on the requirements of other states. Also, the plaintiff should not be forced to pay support on an income that could be earned if he were to move away from his home. Finally, it should be noted that the defendant has conducted his practice in the same manner for his entire professional life and has made multiple unsuccessful attempts to attain board certification. It would appear unfair to state that the defendant is now expected to leave his long time practice and earn a higher income than he earned during the marriage simply for the sake of paying spousal support. Therefore, the issue of the

defendant's imputed income is also remanded for review by the master.

This court finds that the master is in a superior fact finding position but did not state his consideration of the factors listed above for determining the appropriateness of terminating spousal support at this juncture, therefore, this issue is remanded for further consideration. Should the master have considered this factors, and still concludes that spousal support is appropriate, the master is directed to correct the imputed income of the defendant. All other exceptions by both the plaintiff and the defendant are denied.

## ORDER

And now, this 18th day of July, 2013, upon consideration of the plaintiff's exceptions to order of January 9, 2013, filed on January 28, 2013, the defendant's exceptions to interim order of January 9, 2013 filed January 28, 2013, each parties response thereto, after oral arguments, and for the reasons set forth in the accompanying memorandum opinion;

It is hereby ordered that:

1. Plaintiff's exceptions are denied;

2. Defendant's exception #11, requesting termination of spousal support, and any necessary imputation of defendant's income pursuant to defendant's exceptions #1-4 are remanded to the master for further review; and

3. All other exceptions of the defendant are denied.