J-S36003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DEBORAH H. BRENGLE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES K. BRENGLE | |
| Appellant | No. 2753 EDA 2016 |

Appeal from the Order Entered August 3, 2016
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): No. 06-25964

BEFORE:  PANELLA, J., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, J.                    **FILED JULY 14, 2017**

Appellant, James Brengle ("Husband"), appeals from the order that increased his alimony payments to his ex-wife, Appellee Deborah H. Brengle ("Wife"). Husband raises several challenges to the trial court's order, but we address only one: whether the trial court erred in using a rebuttable presumption to set Husband's liability for alimony. We conclude that it did, and therefore vacate and remand for the trial court to apply the appropriate analysis.

For the purposes of this memorandum, the relevant facts of this case are largely undisputed and may be summarized as follows. Wife and Husband were married in 1970, and separated approximately thirty-five years later in 2005. During the marriage, Husband was briefly in the Navy and later pursued a career as an attorney in private practice. Wife worked

full time until the parties' first child was born in 1983. From 1983 to 1990, Wife maintained a consulting business that she operated out of the home. In 1990, she became a full-time homemaker.

Wife filed a complaint in divorce in 2006. She was just shy of her 57th birthday at the time. Husband was nearly 60, and a partner in a large law firm. The parties' two children were no longer minors.

The court split the parties' marital estate equally, with each party receiving slightly over one million dollars. Due to the vast discrepancy in income and earning capacity between the parties, Husband was ordered to pay indefinite alimony to Wife in the sum of $6,000 per month. This sum was a continuation of the amount of alimony *pendente lite* Husband had been paying during the five-year litigation of the divorce decree.

Since the initial determination of alimony, Husband has sought to have the award reduced three times. His first attempt, based upon a reduction of his income, successfully reduced the monthly amount to $3,400. His second request, premised upon his impending forced retirement and an expected reduction of income to approximately $75,000, was also successful, as he reduced the monthly amount to $1,241.66 per month. His final request to eliminate his liability for alimony, based upon his discovery that his income after retirement would be only approximately $50,000 and that Wife had maintained gainful employment, failed.

Shortly after Husband's retirement, Wife notified him that she was once again employed and her income would be approximately $70,000 per year. The parties subsequently stipulated that the monthly amount of alimony would be set to $0.

Shortly thereafter, Wife's employment was downgraded from full-time, and she suffered a significant loss of income. As a result, she filed the instant petition to increase the amount of monthly alimony. After a half-day hearing, the trial court set the monthly alimony amount at $1,669.71 for 24 months. Wife filed a motion for clarification and Husband filed a motion for reconsideration. The trial court granted the motion for clarification and denied reconsideration. While the motions were pending, Husband filed this timely appeal, which became ripe upon the resolution of the parties' motions.

On appeal, Husband seeks to raise six issues for our review. However, the first five issues are all permutations of Husband's contention that the trial court applied the improper standard in evaluating Wife's petition for modification of alimony. In his final issue, Husband seeks to have the trial court's order reversed due to alleged ambiguities in the order. As we conclude that the trial court explicitly applied an incorrect standard in its analysis, all other issues are rendered moot.

Our standard of review pertaining to an award of alimony is as follows.

> The role of an appellate court in reviewing alimony orders is limited; we review only to determine whether there has

been an error of law or abuse of discretion by the trial court. Absent an abuse of discretion or insufficient evidence to sustain the support order, this Court will not interfere with the broad discretion afforded the trial court.

*Smith v. Smith*, 904 A.2d 15, 20 (Pa. Super. 2006) (citation omitted).

An award of alimony aims to "ensure that the reasonable needs of the person who is unable to support himself or herself through appropriate employment, are met." *Teodorski v. Teodorski*, 857 A.2d 194, 200 (Pa. Super. 2004) (citation omitted). Alimony is a secondary remedy, to be used when the ends of economic justice cannot be met through equitable distribution. *See id*.

"Alimony is based upon reasonable needs in accordance with the lifestyle and standard of living established by the parties during the marriage, as well as the payor's ability to pay." *Id*. (internal quotation marks omitted). Pursuant to the Divorce Code, when determining the nature, amount, duration and manner of payment of alimony, the court must consider *all* relevant factors, including the seventeen factors statutorily prescribed by 23 Pa.C.S.A. § 3701(b). *See Smith*, 904 A.2d at 20 (emphasis supplied).

Here, the trial court found that it was "reasonable that [Wife] be provided with *spousal support* pursuant to 23 Pa.C.S.A. § 3701 *et seq.* for the next two years." Trial Court Opinion, 2/6/17, at 4 (emphasis supplied). While the trial court's analysis improperly described the award as "spousal support," it correctly cited to the statute for alimony. Furthermore, the

court's discussion of the relative earning capacities of the parties is clearly reasonable. While Husband is "retired," he nonetheless has income from the law firm. Wife, on the other hand, spent two decades out of the work force during the marriage and is now of retirement age herself.

As the record currently stands, the court's determination that Wife is entitled to some level of alimony is reasonable. Thus, the trial court's mistaken use of "support" did not impact the nature of this part of its analysis. We can find no abuse of discretion in the court's conclusion that Wife was entitled to an increase in alimony for two years. We therefore turn to the trial court's calculation of the increase.

In addressing the appropriate amount of alimony, the trial court begins by properly noting several relevant circumstances, such as the lifestyle of the parties during marriage and Wife's earning capacity. However, the court concludes its analysis with the following paragraph:

> Pursuant to [Pa.R.C.P. 1910.16-1(d)] there is a rebuttable presumption that the amount of the award determined from the Guidelines is the correct amount of support to be awarded. The Pennsylvania Support Guidelines Worksheet prepared by the Montgomery County Domestic Relations Office calculated that [Wife] was entitled to monthly support of $1,669.97. This [c]ourt reviewed the calculations, along with the testimony of the witnesses and the exhibits introduced and found that this was the proper amount of support which [Wife] was entitled to receive. No deviations from this amount were made.

*Id*., at 5.

Unlike the determination of whether Wife was entitled to any alimony, this discussion reveals that the trial court applied an incorrect standard in

- 5 -

calculating the amount of alimony. First, the court cited to the Rules of Civil Procedure governing support actions, Rules 1910.1 – 1910.50. These Rules apply, with exceptions not applicable here, to "all civil actions … brought … to enforce a duty of support, or an obligation to pay alimony pendente lite."[1] Pa.R.C.P. 1910.1. It does not reference alimony. Similarly, Rule 1910.16-1(b) notes that "[t]he amount of support (child support, spousal support or alimony pendente lite) to be awarded … shall be determined in accordance with the support guidelines[.]"

These rules explicitly target "support actions." As such, they clearly encompass actions for child and spousal support. In addition, they explicitly address actions for alimony *pendente lite*. They do not explicitly purport to cover traditional alimony.

In addition, the Divorce Code treats traditional alimony separately from child support, spousal support, and alimony *pendente lite*. Section 3701 of the Divorce Code provides the statutory basis for the award of

---

[1] Alimony *pendente lite* is "an order for temporary support granted to a spouse during the pendency of a divorce or annulment proceeding." **Childress v. Bogosian**, 12 A.3d 448, 463 (Pa. Super. 2011) (internal quotation marks and citation omitted). In contrast, as noted, alimony is awarded to "ensure that the reasonable needs of the person who is unable to support himself or herself through appropriate employment, are met[,] … and is available only where economic justice and the reasonable needs of the parties cannot be achieved by way of an equitable distribution award[.]" **Nemoto v. Nemoto**, 620 A.2d 1216, 1219 (Pa. Super. 1993) (citation omitted).

traditional alimony, while § 3702 provides the statutory basis for the award of alimony *pendente lite* and spousal support.

Looking to § 3701(a), it provides that a court "may allow alimony, as it deems reasonable, only if it finds that alimony is necessary." Thus, § 3701 explicitly negates the application of a rebuttable presumption that the support guidelines apply to alimony. Furthermore, § 3701(b) provides that "in determining the … amount … of alimony, the court shall consider all relevant factors[.]" The statute then provides a non-exclusive list of seventeen factors, none of which explicitly reference the support guidelines.

Lastly, our courts have consistently held that the amount of alimony awarded is to be "based upon reasonable needs in accordance with the lifestyle and standard of living established by the parties during the marriage, as well as the payor's ability to pay." **Teodorski**, 857 A.2d at 200 (internal quotation marks omitted). Neither party cites to any support in the case law for the application of a rebuttable presumption in favor of the applicability of the support guidelines to the determination of the amount of alimony.

Our analysis leads us to conclude that while a court may reference the guidelines when considering the payor's ability to pay an amount of alimony, there is no rebuttable presumption that the guideline amount is *per se* appropriate. Rather, the court must consider *all relevant factors*, including those listed in § 3701(b).

Here, the trial court explicitly referenced the guidelines, and noted that the amount in the guidelines was presumptively correct. *See* Trial Court Opinion, 2/6/17, at 5. This was an error, and we must vacate and remand for the trial court to apply the proper analysis.

To be clear, we are not holding that the amount the trial court awarded was inappropriate. We have not reached that issue. Rather, we merely hold that the trial court must consider all relevant factors, including those listed in § 3701(b), in determining the proper amount.

The trial court is entitled to find that the support guidelines are a relevant consideration. However, the amount set forth by the guidelines is not presumptively correct; the court must also, for example, consider whether the equitable distribution award to Wife was sufficient to provide for her reasonable needs.

Order vacated. Case remanded for further proceedings consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/14/2017

- 8 -