J-A14005-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

THOMAS J. MACKIE : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
     Appellant :
:
:
:
     v. :
:
:
DIANE E. MACKIE : No. 1499 WDA 2018

Appeal from the Order Entered September 18, 2018
In the Court of Common Pleas of Washington County
Domestic Relations at No(s): 00236 DR 2017

DIANE E. MACKIE : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
     v. :
:
:
THOMAS J. MACKIE :
:
     Appellant : No. 1502 WDA 2018

Appeal from the Order Entered September 18, 2018
In the Court of Common Pleas of Washington County
Domestic Relations at No(s): Docket Number: 00473 DR 2013,
PACSES No. 516114042

BEFORE: OTT, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.: FILED OCTOBER 02, 2019

In these consolidated appeals, Thomas J. Mackie ("Husband") appeals

from the order entered September 18, 2018, in the Court of Common Pleas of

Washington County awarding alimony pendente lite ("APL") during the

pendency of the direct appeal of the parties' divorce action.[1]  He argues the trial court erred in awarding Diane E. Mackie ("Wife") APL during the pendency of appeal, failed to assign an adequate earning capacity to Wife, improperly failed to deviate from the award because of Wife's failure to make mortgage payments, and erred in counting certain job perquisites and reimbursed business expenses as income. For the reasons set forth below, we affirm in part, vacate in part, and remand for further proceedings.

As we write primarily for the parties, a detailed factual and procedural history is unnecessary.  We briefly note Husband filed for divorce in 2013. Since then, the proceedings have been tortuous and acrimonious.  The trial court entered a decree of divorce on May 19, 2017.  Both parties appealed and this Court affirmed on May 1, 2018.  See Mackie v. Mackie, 2018 WL 2016377 (Pa. Super. filed May 1, 2018) (unpublished memorandum).  The Pennsylvania Supreme Court denied leave to appeal on January 16, 2019. See Mackie v. Mackie, 200 A.3d 937 (Pa. 2019).

On August 18, 2017, the hearing officer held a hearing concerning outstanding petitions for modification of the support order and the grant of APL during the appeal.  On October 2, 2017, the hearing officer issued two

_____

[1] Husband also purported to appeal from the award of child support.  However, none of his issues on appeal concerns this award.  Therefore, we will not address the award of child support.

- 2 -

reports one in the APL case and one in the child support case. Of pertinence

to the present appeal, the hearing officer stated the following:

> The beginning point is the last report and recommendation of the former [s]upport [h]earing [o]fficer dated May 16, 2016[,] and effective March 31, 2016[,] in which the Husband was ordered to pay as spousal and child support an unallocated sum of $ 2,782.00 per month. It is worth noting that had the order been allocated, child support was $941.79 and spousal support was $1,875.86 per month. The court order entered pursuant to the report was appealed to the Superior Court but the appeal was dismissed as being interlocutory.
>
> Later, the [m]aster in the Divorce Action, in a comprehensive and cogent report, which, except for some minor changes, was adopted by the [j]udge, recommended that the Husband pay as alimony, beginning August 1, 2016 the sum of $2000.00 per month. Effective August 1, 2017 (the current year) the alimony payment was reduced to $1800.00 per month and then reduced by $200.00 monthly each year thereafter, until terminated August 1, 2020. Both [p]arties filed appeals to the Superior Court . . .
>
> In the meantime, on May 19, 2017 a [d]ivorce [d]ec[r]ee was entered pursuant to the no-fault provisions of the Pennsylvania Divorce Code. The [d]ecree contained the customary language that "any existing spousal support order shall be deemed an order for [APL] if any economic claims remain pending[.]"
>
> * * * *
>
> The Wife submitted for consideration the case of DeMasi v. DeMasi, 597 A.2d 101 (Pa. Super 1991)[, appeal denied, 621 A.2d 1380 (Pa. 1993)].
>
> That decision, which has been followed in numerous subsequent cases, holds that, despite the entry of a divorce decree, if an appeal is pending on issues of equitable distribution, APL will continue throughout the appeal process and until a final Order has been entered.
>
> The only real issue is whether APL shall continue in the previous amount or whether the amount should now be modified to account for the changes in circumstances arising since the last order i.e.

the child residing with the Husband and the increase in his average net monthly income. It is noted that [Wife's] petitions pre-date the entry of the divorce decree and the appeal to the Superior Court and therefore it would be appropriate to modify the APL order retroactive to the filing date of the petition for modification.

Hearing Officer's Report 1, 10/02/2017, at 1-2. Ultimately, the hearing officer recommended Wife be paid $2,509.00 per month in APL during the pendency of the appeal.

Both parties filed exceptions to this report. On February 2, 2018, the trial court issued an order, which stated therein it was an interim order, denying Husband's exception regarding the award of APL to Wife. Trial Court Order, 2/02/2018, at 1. It granted one of Wife's exceptions and held all other exceptions in abeyance pending a second hearing by the hearing officer with respect to the parties' 2016 income. Id. Further, the court directed if new issues arose at the remanded hearing, the parties would need to file additional exceptions with respect to those issues. Id.

The remand hearing took placed on April 24, 2018. On May 29, 2018, the hearing officer issued a second report. Of pertinence to the instant appeal, the hearing officer rejected Husband's argument that there should be a deviation in the APL award to reflect Wife's alleged failure to pay a mortgage obligation on a marital property. Hearing Officer's Report, 5/29/2018, at unnumbered page 4. The hearing officer directed Husband to pay $2,818.00 per month in APL for the closed period of September 16, 2016, through March 13, 2017. Wife filed exceptions to this report but Husband did not.

On September 18, 2018, the trial court issued an order granting in part and denying in part the parties' exceptions. Trial Court Order, 9/18/2018, at 1. In the order, the trial court declined to address Husband's claim that Wife was not entitled to APL because the issue had previously been decided in its February 2, 2018 interim order. Id. at 12. The court denied Husband's exception with respect to Wife's earning capacity. Id. at 12-13. Despite noting Husband had not filed exceptions to the May 29, 2018 order, the court briefly addressed the issue of the deviation from APL for Wife's alleged failure to make mortgage payments. Id. at 14. Lastly, the court granted Wife's exception with respect to the failure to included Husband's job perquisites and reimbursed business expenses as income. Id. at 5-6. The instant, timely appeal followed.[2]

In his first issue, Husband contends the trial court erred in concluding that Wife qualified for APL during the pendency of the appeal. Husband's Brief, at 17-21. We disagree.

Our standard of review for awards of APL is "If an order of APL is bolstered by competent evidence, the order will not be reversed absent an abuse of discretion by the trial court." Busse v. Busse, 921 A.2d 1248, 1255

_____

[2] The trial court did not order Husband to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On October 23, 2018, the trial court issued an order incorporating its February 2, 2018 and September 18, 2018 orders as its Rule 1925(a) opinion.

(Pa. Super. 2007) (citation omitted), appeal denied, 934 A.2d 1275 (Pa. 2007). Further,

> [i]n ruling on a claim for [APL], the court should consider the following factors: the ability of the other party to pay; the separate estate and income of the petitioning party; and the character, situation, and surroundings of the parties.

Id. (citations omitted).

Preliminarily, we must decide if this issue is properly before us. As noted above, the trial court addressed the issue of Wife's entitlement for APL in its February 2, 2018 interim order. Trial Court Order, 2/02/2018, at 1. The trial court declined to address the issue in its September 18, 2018 final order. Trial Court Order, 9/18/2018, at 12. In his notice of appeal, Husband only appeals from the September 18, 2018 order. Notice of Appeal, 10/28/2018. In addressing a similar issue, this Court has stated:

> Pa.R.A.P. 904 provides that a notice of appeal must include the order from which the appeal is taken. However, "[a] notice of appeal filed from the entry of the final order in an action draws into question the propriety of any prior non-final orders." Quinn v. Bupp, 955 A.2d 1014, 1020 (Pa. Super. 2008). Once an appeal is filed from a final order, all prior interlocutory orders become reviewable. Id. at 1020 (internal quotations and citations omitted). . . . Thus, this issue is properly before us.

Rohm and Haas Co. v. Lin, 992 A.2d 132, 149 (Pa. Super. 2010), cert. denied, 565 U.S. 1093 (2011). Accordingly, we will address the merits of Husband's claim.

In its February 2, 2018 interim order, the trial court aptly addressed this issue as follows.

By way of further explanation, [APL] is an order for temporary support during the pendency of a divorce action. 23 Pa.C.S.A. §§ 3702, 3103. Awarding [APL] is not a matter of right. Nemoto v. Nemoto, 620 A.2d 1216, 1221 (Pa. Super. [] 1993). Instead, "[APL] is based on the need of one party to have equal financial resources to pursue a divorce proceeding when, in theory, the other party has major assets which are the financial sinews of domestic warfare." DeMasi v. DeMasi, [supra at 104]. Regardless, if [APL] has been awarded, the recipient is eligible to receive APL during the pendency of an appeal to the Superior Court.

> Considerations of public policy require that the dependent party be entitled to support, in the form of [APL] . . . before entry of the lower court's decree[.] . . . Since there is an absolute right of appeal from the lower court's decree, these same considerations require that the dependent party be entitle[d] to support during the pendency of the appeal.

Prol v. Prol, 840 A.2d 333,335-36 (Pa. Super. []. 2003) (citing Shuda v. Shuda, 423 A.2d 1242, 1244 (Pa. Super. [] 1980))[, appeal quashed, 871 A.2d 791 (Pa. 2005)].

[The trial c]ourt has also emphasized that [APL] eligibility during an appeal is not absolute. "[APL] may be terminated before the litigation is concluded where the recipient has acquired assets or income which sufficiently equalizes the financial ability of the parties to pursue the action." Brody v. Brody, 758 A.2d 1274, 1281 (Pa. Super. [] 2000)[, appeal denied, 786 A.2d 984 (Pa. 2001)].

When analyzing appellate cases where [APL] was terminated after the entry of a divorce decree, [the trial c]ourt finds that they indicated a change in the financial circumstances of the dependent spouse. Compare, e.g., Brody, 758 A.2d at 1281 (recognizing termination of APL proper where wife was awarded $319,501 in pension assets, continued to receive generous support from her parents, and was capable of working); Jayne v. Jayne, 663 A.2d 169, 176 (Pa. Super. [] 1995) (concluding award of [APL] was improper where wife had acquired $225,866.84, plus alimony of $200.00 per month for two years, which sufficiently equalized the financial ability of the parties to pursue the action); Nemoto, 620 A.2d at 1221 (recognizing that although wife's earning capacity

and actual income were less than husband's, she had "acquired adequate assets and income available through equitable distribution, alimony, and her own earning capacity so that she [could] litigate the case as she [chose]" moving forward); Spink v. Spink, 619 A.2d 277 (Pa. Super. [] 1992) (concluding that the trial court would not have abused its discretion in discontinuing APL to wife while appeal of that order was pending where, wife would receive $120,000 from sale of marital residence.); with Haentjens v. Haentjens, 860 A.2d 1056, 1063 (Pa. Super. [] 2004) (continuation of APL appropriate where wife had not yet received her equitable distribution award of $688,000).

That being said, [the trial c]ourt finds that there were very few assets to be equitably divided in the parties['] divorce proceeding. Eleven assets were addressed in the divorce master's report and recommendation. Seven of the assets were not valued, including the [marital] residence[,] which was in foreclosure. The only liquid cash distribution to [Wife] was $2,299.35 representing one-half of the sales proceeds of the parties' Cadillac automobile. The remaining assets were [H]usband's two business (G-Force and Check Six) that were awarded to him (not valued), and retirement/pension assets in [Husband's] name from current or prior employers. None of the retirement assets are in pay status. In addition, once [the trial c]ourt issued a divorce decree on May 19, 2017, [Wife] was not [] eligible to remain on [Husband's] employer provided health care plan at American Airlines; from that day forward, [Wife] would have the expense of purchasing her own medical insurance policy. Further, [Husband's] income is substantially greater than [Wife's] income. Consequently, [the trial c]ourt concludes that [APL] should continue pending the conclusion of the litigation in the Superior Court.[a]

> [a][APL] will not be suspended or terminated since the Superior Court may remand the case for additional proceedings if it finds the appeal has merit.

Trial Court Order, 2/02/2018, at 1-3.

Our review of the certified record, submissions of the parties, and relevant law reveals no abuse of discretion or errors of law attendant to this issue. Accordingly, we adopt the trial court's well-reasoned decision, as

quoted above, as dispositive of this issue. Husband's first claim does not merit relief.

In his second issue, Husband argues the trial court abused its discretion in refusing to impute an earning capacity to Wife of more than $10.00 an hour. Husband's Brief, at 22. We disagree.

Again, we note our standard of review is an abuse of discretion. DeMasi, supra at 877 (citations omitted). Moreover, the same factors regarding earning capacity apply to both APL and child support. Id. at 878 (citation omitted). The Pennsylvania Rules of Civil Procedure describe the factors thusly:

> Age, education, training, health, work experience, earnings history and child care responsibilities are factors which shall be considered in determining earning capacity. In order for an earning capacity to be assessed, the trier of fact must state the reasons for the assessment in writing or on the record. Generally, the trier of fact should not impute an earning capacity that is greater than the amount the party would earn from one full-time position. Determination of what constitutes a reasonable work regimen depends upon all relevant circumstances including the choice of jobs available within a particular occupation, working hours, working conditions and whether a party has exerted substantial good faith efforts to find employment.

Pa.R.C.P. 1910.16-2(d)(4).

Here, the hearing officer found Wife was fifty-three years old at the time of the hearing. Hearing Officer Report, 5/29/2018, at unnumbered page 2. She was a high-school graduate with no post-secondary education or training. Id. Moreover, she had not worked from approximately 1999-2016. Id. In the 1990s, she worked as a model. Id. In 2016, she obtained a part-time

job that paid $10.00 per hour. Id. The trial court agreed with the hearing officer's findings, noting there was no objective evidence Wife was capable of earning more than $10.00 an hour. Trial Court Order, 9/18/2018, at 12. It stated Wife was currently working as a salesperson for a skin care company, which paid her on a commission basis. Id. at 12-13. It credited Wife's testimony that she worked over 50 hours per week but had not yet earned $10.00 per hour. Id. at 13.

We see no abuse of discretion in the trial court's decision. We have reviewed Husband's arguments. He offers nothing to support a contention that Wife's previous employment prior to the year 2000 as a model and actor affected her current earning capacity. He provides no legal support for a claim that the trial court was required to factor her experiences as a military wife and mother into her earning capacity. Moreover, his contention that her representation of herself in the instant matter qualified her to work as a legal secretary is clearly speculative. See Husband's Brief, at 23-27. Husband's second issue does not merit relief. See DeMasi, supra at 878; see also Baehr v. Baehr, 889 A.2d 1240, 1245 (Pa. Super. 2005).

In his third issue, Husband contends the trial court erred in not lowering the award of APL because of Wife's alleged failure to pay the mortgage on a marital property. Husband's Brief, at 29-32. However, Husband waived this claim.

The hearing officer first addressed the issue of the deviation for the failure to make mortgage payments during the remand hearing held April 24, 2018, and in the May 29, 2018 report. Hearing Officer's Report, 5/29/2018, at unnumbered page 4. Husband did not file exceptions to that report. The trial court acknowledged this in its September 9, 2018 order but very briefly addressed the issue. Trial Court Order, 9/09/2018, at 14. This was error.

This Court has held a party must file exceptions from a master's report and a party waives any issue not raised in those exceptions for purposes of appeal. Cook v. Cook, 186 A.3d 1015, 1024-1025 (Pa. Super. 2018); see also Nagle v. Nagle, 799 A.2d 812, 821 (Pa. Super. 2002) (holding issue waived because it was not included in exceptions to master's report). Here, because Husband did not file exceptions to the May 29, 2018 report, he waived this issue on appeal. Cook, supra at 1024-1025; Nagle, supra at 821.

In his fourth issue, Husband maintains the trial court abused its discretion in including his perquisites and reimbursed business expenses in calculating his income. Husband's Brief, at 32-39. Based upon the record before us, we believe the trial court erred in considering all of Husband's flight perquisites as income. Moreover, we are unable to determine from the current record either the legal or the factual basis for the trial court's determination that Husband's substantiated employee expense reimbursements constituted income. Accordingly, we are constrained to vacate the determination of

- 11 -

Husband's taxable income for the periods of 2016, 2017, and 2018, and remand for further proceedings.

Pennsylvania law defines income for purposes of support and APL as follows:

> "Income." Includes compensation for services, including, but not limited to, wages, salaries, bonuses, fees, compensation in kind, commissions and similar items; income derived from business; gains derived from dealings in property; interest; rents; royalties; dividends; annuities; income from life insurance and endowment contracts; all forms of retirement; pensions; income from discharge of indebtedness; distributive share of partnership gross income; income in respect of a decedent; income from an interest in an estate or trust; military retirement benefits; railroad employment retirement benefits; social security benefits; temporary and permanent disability benefits; workers' compensation; unemployment compensation; other entitlements to money or lump sum awards, without regard to source, including lottery winnings; income tax refunds; insurance compensation or settlements; awards or verdicts; and any form of payment due to and collectible by an individual regardless of source.

23 Pa.C.S.A. § 4302 (some emphasis added). In Mascaro v. Mascaro, 803 A.2d 1186 (Pa. 2002), our Supreme Court held, "[p]ersonal perquisites, such as entertainment and personal automobile expenses paid by a party's business must be included in income." Mascaro, supra at 1194 (citation omitted, emphasis added). The only exception permitted under Mascaro, is if the perquisite benefited both parties. Id.

In Murphy v. McDermott, 979 A.2d 373 (Pa. Super. 2009), this Court held, relying on Mascaro, vehicle expenses paid by an employer must be used when calculating income. Murphy, supra at 379. We arrived at the correct figure by looking to the amount the employer paid per year for the vehicle,

dividing that figure by the percentage of time the husband employed it for personal use, then subtracting any monies husband paid to the employer for use of the vehicle. Id. at 379-380.

Here, in its October 2, 2017 report on child support, the hearing officer dealt with the issue of Husband's flight perquisite thusly:

> [Husband] in the past had also been imputed additional income from a perquisite of his employment in that he was able to fly to various locations by "standby" for free or for a nominal fee. This [h]earing [o]fficer will decline to impute additional perquisite income to [Husband] because he accepts [Husband's] explanation that these flights were only for purpose of commuting from his home to the airport location where he commenced his international flights. [Husband's] last six months['] pay statements for the most part corroborates [Husband's] testimony on this issue for the vast majority of the flights listed were in [Husband's] name and were from the place he was living to a remote airport. However, there were a few flights in which the child [] was listed as the designee and this has caused the [h]earing [o]fficer some concern; but [Husband] will be given the benefit of the doubt on this matter.

Hearing Officer Report 2, 10/02/2017, at 4.

While we agree the cost of those flights from Husband's place of residence to his place of employment did not constitute income, the cost of any flights for Husband, his guests, or designees made for personal reasons was income. See Mascaro, supra at 1194; Murphy, supra at 379-380. It was incumbent upon the hearing officer to differentiate among the flights and further determine whether Wife accrued any benefit from those flights on which the child flew free or at a reduced fare.

Wife filed an exception to this finding. In its September 18, 2018 opinion, the trial court correctly found under Mascaro that job perquisites that do not benefit Wife were income; however, it disregarded the holding in Mascaro that limited the income to personal use. Trial Court Order, 9/18/2018, at 5-6; Mascaro, supra at 1194. This was error. Moreover, the trial court went further and counted the substantiated reimbursed business expenses listed in box 12C, code L on Husband's W-2 form as income. Trial Court Order, 9/18/2018, at 5-6. This may be double counting, and hence, error.

We are simply unable to determine from the current record and trial court's order whether there is legal support for the trial court's determination that the reimbursed expenses were income. If the expenses were only the flight perquisite, then the trial court should treat them as delineated in Murphy. See Murphy, supra at 379-380. However, if there are other reimbursed business expenses such as meals, lodging, and ground transportation, it is simply not clear on this record whether they constitute income. If Husband submitted receipts to his employer and his employer only reimbursed him for what he paid out then, clearly, it is not income under Mascaro. However, if Husband received a per diem for these expenses and the record demonstrated he spent less than the per diem amount, then the difference would be income under Mascaro.

Because we are unable to determine this from the current record, we are constrained to vacate the determination of Husband's income for the years of 2016, 2017, and 2018 as enunciated in the trial court's September 18, 2018 order. Further we remand the matter for additional testimony to determine the amount of income Husband derives from the perquisites.

Accordingly, for the reasons discussed above, we affirm in part, vacate in part, and remand for further proceedings.

Order affirmed in part and vacated in part. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/2/2019</u>