J-A02007-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JEFFREY DUNN, SR. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CAROLA VAN ECK | : | |
| | : | |
| Appellant | : | No. 710 WDA 2021 |

Appeal from the Decree Entered June 4, 2021
In the Court of Common Pleas of Allegheny County
Family Court at FD 19-001936-017

BEFORE:   OLSON, J., MURRAY, J., and PELLEGRINI, J.[*]

DISSENTING MEMORANDUM BY MURRAY, J.:         **FILED: MARCH 8, 2022**

I respectfully dissent.  Under the unique circumstances of this case, I would conclude Wife rebutted the presumption that the guideline APL amount of approximately $5,000 per month to Husband was appropriate.  ***See*** Pa.R.C.P.  1910.16-1(d)(1)  and  (d)(2)  (stating,  respectively:  "The presumption is rebutted if … the guideline support obligation is unjust or inappropriate," and the "trier-of-fact shall … apply the Pa.R.C.P. No. 1910.16-5 deviation factors, as appropriate."); ***see also Ball v. Minnick***, 648 A.2d 1192, 1196 (Pa. 1994) ("Deviation will be permitted only where special needs and/or circumstances are present such as to render [a support] award in the amount of the guideline figure unjust or inappropriate.").

_____

[*] Retired Senior Judge assigned to the Superior Court.

"A grant of APL by the trial court is not a matter of right to either party." ***Nemoto v. Nemoto***, 620 A.2d 1216, 1221 (Pa. Super. 1993). Rather, a court "**may** allow a spouse reasonable alimony *pendente lite*" in "proper cases." 23 Pa.C.S.A. § 3702(a) (emphasis added)).

Upon review, I would conclude the trial court abused its discretion by disregarding Husband's abusive behavior toward Wife and the issuance of a three-year PFA order.[1] ***See*** Pa.R.C.P. 1910.16-5(b)(9) ("In determining whether to deviate from the guidelines, the trier of fact must consider … other relevant and appropriate factors"); ***see also*** Trial Court Opinion, 8/23/21, at 9 ("refusal to apply the [Rule 1910.16-5(b)(9)] 'catch-all' deviation was not an abuse of discretion because to do so would have thwarted the purpose of APL.").

The Majority states:

> As the guidelines used to calculate a potential award of alimony *pendente lite* are based upon the parties' economic circumstances and available resources, **we find the factors the trial court may consider when deviating from the guidelines to be based on *economic* considerations** because, to hold otherwise, would thwart the purpose of alimony *pendente lite* in balancing the parties' financial resources in a divorce proceeding.

Majority at 11 (emphasis added); ***see also id.*** at 12 (rejecting claim that "the deviation factor enumerated at Rule 1910.16-5(b)(9) encompasses the

---

[1] Three years is the statutory maximum, as a PFA order "shall be for a fixed period of time not to exceed three years." 23 Pa.C.S.A. § 6108(d).

consideration of a PFA order, an order which is not based upon the economics of the parties but rather their behaviors." (footnote omitted)).

Rule 1910.16-5(b), **in addition to** the "catch-all" provision at (b)(9), specifically enumerates **non-economic** considerations. *See*, *e.g.*, Pa.R.C.P. 1910.16-5(b)(8) (the duration of the parties' marriage). Further, our legislature drafted 23 Pa.C.S.A. § 3702(b) (*i.e.*, exception for APL), to address **non-economic** considerations – convictions for "personal injury crimes."[2] Finally, we have repeatedly stated: "In ruling on a claim for [APL], the court should consider the following factors: the ability of the other party to pay; the separate estate and income of the petitioning party; and **the character**, situation, and surroundings **of the parties**." *Childress v. Bogosian*, 12 A.3d 448, 463 (Pa. Super. 2011) (emphasis added) (quoting *Busse v. Busse*, 921 A.2d 1248, 1255 (Pa. Super. 2007)).

Accordingly, I would conclude the trial court abused its discretion by failing to deviate downward from the guideline amount of APL. Therefore, I respectfully dissent.

---

[2] I agree with the Majority that the subsection 3702(b) exception does not apply, as Husband was not convicted of a "personal injury crime."